**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant STANISLAUS COUNTY
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORORTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and DOES 1-10, in its individual capacities,<br><br>Defendants.<br>_____/ | Case No. 2:23-cv-01887-DJC-KJN<br><br>**DEFENDANT STANISLAUS COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>First Amended Complaint Filed: 11/21/2023 |

Defendant STANISLAUS COUNTY hereby submits the following Answer to the First Amended Complaint ("FAC") filed by Plaintiff DORETHEY HEIMBACH as follows:

**JURISDICTION & VENUE**

1. Answering paragraphs 1 and 2, this answering Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

///

## INTRODUCTION

2. Answering paragraphs 3, 4, 5, and 6, this answering Defendant contends these paragraphs contain argument, conclusions, superfluous and unnecessary language, but otherwise denies all allegations contained in these paragraphs.

## PARTIES

3. Answering paragraphs 7 and 8, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations contained in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

4. Answering paragraph 9, this answering Defendant admit the County of Stanislaus is a public entity. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable it to answer the remaining allegations in this paragraph, and basing its denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

5. Answering paragraphs 10, 11, 12, 13, 14, 15, 16, 17 18, and 19, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

6. Answering paragraphs 20, 21, 22, 23, 24, and 25 this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Answering paragraph 26, this answering Defendant contends this paragraph contains argument, conclusions, superfluous and unnecessary language, but otherwise denies all allegations contained in this paragraphs.

8. Answering paragraphs 27, 28, 29, and 30, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

9. Answering paragraph 31, this answering Defendant generally and specifically denies all allegations contained in this paragraph.

10. Answering paragraph 32, this answering Defendant contends said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in this paragraph.

11. Answering paragraph 33, this answering Defendant generally and specifically denies all allegations contained in this paragraph.

12. Answering paragraphs 34, 35, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

13. Answering paragraph 36, this answering Defendant generally and specifically denies all allegations contained in this paragraph.

14. Answering paragraphs 37 and 38, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

15. Answering paragraph 39, this answering Defendant contends said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in this paragraph.

16. Answering paragraph 40, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in this paragraph, and basing its denial on this ground, generally and specifically denies all allegations contained in this paragraph.

17. Answering paragraphs 41, 42, 43, 44, 45, 46, 47, 48, and 49, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, and/or contain conclusions of fact based on erroneous assumptions, otherwise, Defendant generally and specifically denies all allegations contained in these paragraphs.

18. Answering paragraphs 50, 51, and 52, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in these paragraphs, and basing its denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

## FIRST CLAIM FOR RELIEF

### (Fourth Amendment Unlawful detention (42 U.S.C. § 1983) against Does 1-10

19. Answering paragraph 53, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 52, inclusive, as if fully set forth herein.

20. Answering paragraphs 54, 57[1], 58, 59, and 60, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

21. Answering paragraphs 61 and 62, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## SECOND CLAIM
### (Fourth Amendment excessive force (42 U.S.C. § 1983) against Does 1-10

22. Answering paragraph 63, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 62, inclusive, as if fully set forth herein.

23. Answering paragraphs 63, 64, 65, 66, 67, 68, and 69, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

24. Answering paragraph 70, this answering Defendant lacks sufficient information or knowledge to enable it to answer the allegations in this paragraph, and basing its denial on this ground, generally and specifically denies all allegations contained in this paragraph.

25. Answering paragraphs 71 and 72, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

///

///

///

---

[1] The numbering of the paragraphs in the FAC go from 54 to 57, omitting 55 and 56.

DEFENDANT STANISLAUS COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
4860-4958-8632, v. 1

## THIRD CLAIM

### Fourth Amendment Denial of Medical Care (42 U.S.C. § 1983) against Does 1-6

26. Answering paragraph 73, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 72, inclusive, as if fully set forth herein.

27. Answering paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

28. Answering paragraphs 84 and 85, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## FOURTH CLAIM

### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
### 15 Against Stanislaus County

29. Answering paragraph 86, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 85, inclusive, as if fully set forth herein.

30. Answering paragraphs 87, 88, 89 including subparagraphs 1-xi, 90, 91, and 92, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

31. Answering paragraphs 93 and 94, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## FIFTH CLAIM
### Municipal Liability- Failure to Train (42 U.S.C. § 1983)
### Against Stanislaus County

32. Answering paragraph 95, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 94, inclusive, as if fully set forth herein.

33. Answering paragraphs 96, 97, 98, 99, 100, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

34. Answering paragraphs 101 and 102, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## SIXTH CLAIM

### Municipal Liability- Ratification (42 U.S.C. § 1983)

### Against Stanislaus County

35. Answering paragraph 103, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 102, inclusive, as if fully set forth herein.

36. Answering paragraphs 104, 1105, 106, 107, and 108, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

37. Answering paragraphs 109 and 110, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## SEVENTH CLAIM

### Americans with Disabilities Act (42 U.S.C. § 12132)

### Against Stanislaus County

38. Answering paragraph 111, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 110, inclusive, as if fully set forth herein.

39. Answering paragraphs 112, 113, 114, 115, 116, 117, 118, and 119, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

40. Answering paragraphs 120 and 121, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a

response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## EIGHTH CLAIM
### False Arrest
### Against all Defendants

41. Answering paragraph 122, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 121, inclusive, as if fully set forth herein.

42. Answering paragraphs 123, 124, 125, and 126, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

43. Answering paragraphs 127 and 128, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## NINTH CLAIM
### Battery
### Against all Defendants

44. Answering paragraph 129, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 128, inclusive, as if fully set forth herein.

45. Answering paragraphs 130, 131, 132, 133, 134, 135, 137, 138, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

46. Answering paragraphs 136, 139 and 140, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

///
///
///

## TENTH CLAIM
### Negligence (wrongful death and survival)
### Against all Defendants

47. Answering paragraph 141, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 140, inclusive, as if fully set forth herein.

48. Answering paragraphs 142. 143, including subparagraphs i-vii, 144, and 146, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

49. Answering paragraphs 145, 147 and 148, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## ELEVENTTH CLAIM
### Negligence infliction of emotional distress
### Against all defendants

50. Answering paragraph 149, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 148, inclusive, as if fully set forth herein.

51. Answering paragraphs 150, 151, and 152, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

52. Answering paragraphs 153, and 154, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

## TWELFTH CLAIM
### Violation of Cal. Civil Code section 521.
### Against all defendants

53. Answering paragraph 155, this answering Defendant repeats and incorporates by reference all responses to each and every allegation in the preceding paragraphs 1 through 154, inclusive, as if fully set forth herein.

54. Answering paragraph 156, this answering Defendant contends said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in this paragraph.

55. Answering paragraphs 157, 158, 159, 160, 161, and 163 this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

56. Answering paragraphs 162, 164, and 165, this answering Defendant contends said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all allegations contained in these paragraphs.

# I.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the Amended Complaint, all individual Defendant and/or any employee of the County, were acting in good faith and are entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983.

### SECOND AFFIRMATIVE DEFENSE

Based on information and belief, Defendant alleges that decedent had a duty to exercise due care but failed to do so by his conduct, including but not limited to, failing to comply with lawful orders and/or engaging in a physical altercation with employees of the County and/or the individual defendants and based thereon, Defendant allege that decedent was himself guilty of comparative negligence or fault due to his failures.

### THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant allege, based on information and belief, that all acts and omissions alleged in the First Amended Complaint fall within the immunities and defenses and all rights granted to it and each of it by virtue of provisions of the California Government Code Sections 810-996.6. Defendant relies on *Vargas v. Cty. of Yolo*, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) for the language herein to preserve these defenses.

FOURTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendant allege that third persons or entities other than the answering Defendant, including but not limited to medical personnel, which proximately caused and/or contributed to the damages, if any, suffered by decedent or Plaintiff. Accordingly, Plaintiff's recovery is barred or reduced proportionately by the careless, negligence and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action. This defense is interposed only in the alternative and does not admit any of the allegations of the Amended Complaint.

FIFTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or decedent, failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the Amended Complaint and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

EIGHTH AFFIRMATIVE DEFENSE

Decedent wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendant(s) used no more than reasonable and necessary force in defense of himself, his person or property.

NINTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Plaintiff's and/or decedent's claims, and each of it, are barred by the provisions of California Penal Code sections 834(a), 835, 835(a), 836 and 836.5.

TENTH AFFIRMATIVE DEFENSE

Based on information and belief, not all potential beneficiaries/heirs of the decedent are parties to the action, and thus any survivor action and/or wrongful death action lacks sufficient standing without all heirs, who are necessary parties under Federal Rule of Civil Procedure 19.

ELEVENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiff and/or decedent has failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

TWELFTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's and/or decedent's claims are barred in whole or in part by reason of unclean hands.

## II.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's action be dismissed;
2. That Plaintiff take nothing by way of her Complaint;
3. That Defendant be awarded its costs of suit, including attorney's fees; and
4. For such other relief as the Court deems proper.

Date: December 19, 2023              Respectfully submitted,

                                     PORTER SCOTT
                                     A PROFESSIONAL CORPORATION

                                     By: /s/ John R. Whitefleet
                                            John R. Whitefleet
                                            Attorneys for Defendant STANISLAUS COUNTY

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

                                     Respectfully submitted,

Dated:  December 19, 2023            PORTER SCOTT
                                     A PROFESSIONAL CORPORATION

                                     By   /s/ John R. Whitefleet
                                            John R. Whitefleet
                                            Attorneys for Defendant