**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**LAW OFFICES OF DEAN PETRULAKIS**
Dean Petrulakis, Esq. (Bar No. 192185)
1600 G Street, Suite 202
Modesto, CA 95354
Tel: (209) 522-6600

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>vs.<br><br>STANISLAUS COUNTY; and DOES 1–10, in their individual capacities,<br><br>Defendants. | Case No. 2:23-cv-01887-DJC-KJN<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br>Judge: Hon. Daniel J. Calabretta<br>Magistrate Judge: Kendall J. Newman<br><br>Original Complaint:   Sept 1, 2023<br>Amended Complaint:  Nov 21, 2023<br>Served:                       Dec 1, 2023<br>County Answer:          Dec 19, 2023 |

1
Joint Scheduling Conference Report

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 240, and the Court's Sept 1, 2023, Order (Dkt. 5), the parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**A.     Summary of Factual and Legal Contentions**

   1.     <u>Plaintiff's Statement</u>

Two Stanislaus deputies responded to a misdemeanor incident in downtown Riverbank, where they tackled Anthony Silva even though he was not attempting to resist or evade them. Silva was compliant and calm but the deputies decided to use a painful wrist lock to handcuff him. The deputies conducted a 5-minute search at a nearby gazebo before arresting him and deciding to book him.

Silva became upset upon suspecting a deputy had stolen cash from his pocket during the search, and pulled his arms away but did not break free of the deputy who was holding his arms. The deputies forcibly subdued him by raising his arms and lowering his body toward the ground.

Then, even though they had complete control of Silva and had more than 5 deputies there to assist them, the deputies aggressively flipped Silva headfirst into concrete, breaking his neck in two places. Silva informed the officers that he could not move and that he was paralyzed, but they failed to provide appropriate care,

worsening his injuries by moving him to a bench without neck support. Emergency services arrived 26 minutes post-incident, and 40 minutes later, Silva had still not received medical attention, as evidenced by video records.

After the incident, Silva was immediately hospitalized. The injuries inflicted upon Silva by Stanislaus deputies rendered him quadriplegic. He died of the injuries approximately one year later, on September 10, 2023.

2. <u>Defendant's Statement</u>

Defendant denies liability and has asserted affirmative defenses.

**B.  Service of Process Progress**

The County was served on December 1, 2023, and it filed an answer on December 19, 2023.

**C.  Potential Joinder of Additional Parties**

Plaintiff anticipates substituting individual Stanislaus deputies for the DOES named in the complaint. Plaintiff *may* seek to add Stanislaus Fire Department employees who were involved in the incident as additional defendants.

**D.  Proposed Amendments to Pleadings**

Plaintiff anticipates amending their complaint to include the names of the individual deputies involved in the incident. Plaintiff will also move to amend to include facts which were recently revealed by the body-worn camera footage turned over to Plaintiff by the County. Plaintiff has not yet reviewed all the

investigative materials pertaining to this case and thus reserves the right to bring a motion to amend the complaint if and when additional information comes to light.

E. **Jurisdiction and Venue**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

F. **Planned Motions and Scheduling**

Plaintiff anticipates filing a motion to add names of currently unidentified individual involved deputies once such identities become available through the initial disclosures. Plaintiff may file a partial motion for summary judgment requesting the Court to find the deputies' use of force unreasonable as a matter of law. Plaintiff will file motions in limine if the case proceeds to trial. Depending on evidence and facts learned through discovery, there may be additional motions that need to be filed.

Defendant anticipates dispositive motions after the close of discovery.

G. **Discovery Process and Schedule**

1.       <u>Changes to Disclosures Under Rule 26(a): Adjustments to initial disclosure requirements and timing</u>

The parties do not request a change to initial disclosure requirements and timing under Rule 26(a). The parties have agreed to exchange initial disclosures on February 26.

2.       <u>Discovery Subjects and Completion Timeline: Topics needing discovery and deadlines</u>

The subjects on which discovery may be needed include: liability of violations of freedom from unlawful detention and arrest and the related state law claims, liability under the Americans with Disabilities Act, liability of the County under Plaintiff's Monell claims, and damages.

Discovery should be conducted in two phases: (i) fact discovery, and (ii) expert discovery.

Plaintiff anticipates serving written discovery, including interrogatories, requests for admission, and requests for production on the issues of liability. Plaintiff anticipate taking the deposition upon oral examination of the involved deputies present at the scene, medical personnel, and percipient witnesses, and persons most knowledgeable, all of whom are not yet identified.

Defendant anticipates written discovery and depositions, and subpoenas to medical providers.

    3.    <u>Modifications to Discovery Limitations: Proposed limits or changes to standard discovery procedures</u>

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

    4.    <u>Expert Witness Disclosure: Schedule for revealing expert witness information</u>

See Exhibit A, below.

    5.    <u>Discovery Cut-off Dates</u>

See Exhibit A, below

**H.    Motions Plan and Hearing Dates**

See Exhibit A, below.

**I.    Evidence and Testimony Management**

The parties will work together in good faith to agree on certain facts and evidentiary issues before the trial, reducing the need for redundant proof. The parties will attempt to limit expert testimony where feasible. Detailed and comprehensive expert reports will be exchanged pretrial to clarify the scope of expert testimony, reducing the likelihood of redundant expert analysis during trial.

**J.    Final Pretrial Conference Date**

Plaintiff proposes Thursday May 29, 2025 for our final pretrial conference.

Defendant proposes Friday, January 9, 2026.

**K.      Trial Date and Duration**

Plaintiff proposes Tuesday, June 24, 2025, for our trial date.  Plaintiff believes that this case can be tried in six (6) to eight (8) days, including voir dire, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Defendant proposes Monday, April 6, 2026 for our trial date.  Without knowing who else will be parties, 6-8 days might be accurate, but it is premature.

**L.      Special Procedures Consideration**

The parties do not request any special procedures. The parties do not agree to try this case before a magistrate judge.

**M.      Pretrial Procedure Modifications**

The parties do not request a modification of pretrial procedures.

**N.      Related Cases**

There are no related cases in any court.

**O.      Settlement Discussion Plans**

The parties have discussed the possibility of informal early resolution of the case, as well as early mediation. The parties have not yet engaged in substantive settlement discussions but are amenable to settlement discussions following a period of discovery.

**P.   Other Relevant Matters**

None.

DATED: January 29, 2024

                LAW OFFICES OF DALE K. GALIPO

                /s/ Dale K. Galipo
                Dale K. Galipo
                Cooper Alison-Mayne
                Attorneys for Plaintiffs


                PORTER SCOTT PC

DATED: January 29, 2024

                /s/ John R. Whitefleet
                John R. Whitefleet
                Attorneys for Defendant

## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES

| MATTER | TIME COMPUTATION | DATE |
|---|---|---|
| Last Date to Hear Motion to Amend Pleadings | Plt: 90 days after scheduling conf.<br><br>Def: 2 months after initial disclosures | Plt:<br>Def: 4/26/2024 |
| Non−Expert Discovery Cut-Off | 18 wks before FPTC | 1/23/2025 |
| Last Date to File Dispositive Motions | Plt: 18 wks before FPTC<br><br>Def: this allows all discovery to be completed and time for transcripts to be completed and analyzed | Plt: 1/23/2025<br><br>Def: 8/18/2025 |
| Initial Expert Disclosure & Report Deadline | Plt: 16 wks before FPTC<br><br>Def: this allows time for percipient discovery to be transmitted to experts after cut off and time to complete reports | Plt: 2/6/2025<br><br>Def: 4/18/2025 |
| Rebuttal Expert Disclosure & Report Deadline | Plt: 13 wks before FPTC<br><br>Def: this allows sufficient time for review of expert reports, retention of rebuttal and preparation of reports | Plt: 2/27/2025<br><br>Def: 5/23/2025 |

9
Joint Scheduling Conference Report

| | | |
|---|---|---|
| Expert Discovery Cut-Off | Plt: 13 wks before FPTC<br><br>Def: experts are notoriously difficult in getting dates for depositions | Plt: 2/27/2025<br><br>Def: 6/20/2025 |
| Trial Filings (first round)<br>- Motions In Limine<br>- Witness Lists<br>- Exhibit Lists | Plt: 4 wks before FPTC<br><br>Def: N/A | Plt: 5/1/2025<br><br>Def: TBD at time of pretrial confernce |
| Trial Filings (second round)<br>- Oppositions to Motions In Limine<br>- Joint Proposed Jury Instructions<br>- Disputed Proposed Jury Instructions<br>- Joint Proposed Statement of the Case<br>- Proposed Additional Voir Dire Questions | Plt: 2 wks before FPTC<br><br>Def: N/A | Plt: 5/15/2025<br><br>Def: TBD at time of pretrial confernce |
| **FINAL PRETRIAL CONFERENCE ("FPTC")** | Plt: 4 wks before trial<br><br>Def: allows time for pretrial motions | Plt: 5/29/2025 (Th)<br><br>Def: 1/9/2026 (Fr) |
| **TRIAL** [ ] Court   [X] Jury<br>Duration Estimate: 6–8 days | | Plt: 6/24/2025 (Tu)<br><br>Def: 4/6/2026 (Mo) |