**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (Bar No. 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**LAW OFFICES OF DEAN PETRULAKIS**
Dean Petrulakis, Esq. (Bar No. 192185)
1600 G Street, Suite 202
Modesto, CA 95354
Tel: (209) 522-6600

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>vs.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>Defendants. | Case No. 2:23-cv-01887-DJC-KJN<br><br>**JOINT STIPULATION TO AMEND COMPLAINT**<br><br>Judge: Hon. Daniel J. Calabretta<br>Magistrate Judge: Kendall J. Newman |

1  IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff and
2  Defendant, through their respective attorneys of record, as follows:
3  The parties request that the Court grant Plaintiff leave to file their Second
4  Amend Complaint, attached hereto as "Exhibit A."
5  The Federal Rules of Civil Procedure provide that a party seeking leave to
6  amend a pleading after a response has been filed may do so either by stipulation or
7  with leave of court. *See* Fed. R. Civ. P. 15(a) (2). Federal policy strongly favors
8  determination of cases on their merits. Federal Rule of Civil Procedure 15(a)(2)
9  instructs Courts to "freely give leave [to amend] when justice so requires." Fed. R.
10 Civ. P. 15(a).
11 On September 1, 2023, Anthony Silva filed his Complaint. (Dkt. No. 1.) Mr.
12 Silva died shortly thereafter, and his mother substituted in as the named plaintiff in
13 the First Amended Complaint which was filed on November 21, 2023. (Dkt. No.
14 6.) Defendant Stanislaus County was served on December 1, 2023 and filed its
15 answer on December 19, 2023. (Dkt. Nos. 8, 9.) On January 29, 2024, the parties
16 filed their Joint Scheduling Report in which Plaintiff indicated that she planned to
17 amend her complaint to add the named defendants. (Dkt. No. 10 at 3–4.)
18 Defendants requested a hearing deadline of two months after initial disclosure for
19 motions to amend. (*Id.* at 9.) Plaintiffs requested a hearing deadline of ninety days
20 after the scheduling conference. (*Id.*) On February 2, 2024, the Court issued its
21 Scheduling Order indicating that "[n]o further joinder of parties or amendments to
22 pleadings is permitted without leave of the Court, good cause having been shown."
23 (Dkt. No. 11 at 1.)
24 At the time of filing her First Amended Complaint, Plaintiff was genuinely
25 ignorant of the names of the Stanislaus County deputies involved in this incident,
26 so they were included as Doe Defendants. (Dkt. No. 6.) Plaintiffs learned the
27 names of the deputies involved in this incident when they received Stanislaus
28

County's Initial Disclosures on February 26, 2024. Plaintiff's counsel immediately amended the complaint and sent a draft of the proposed amended complaint to Defendant's counsel on March 4, 2024. On March 6, 2023, the parties met and conferred and agreed to file this joint stipulation requesting that the Court grant Plaintiff leave to amend.

The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As explained above, Plaintiff could not name the defendants until it learned their names on February 26, 2024. Further, there is no dilatory motive in seeking the requested amendment. Plaintiff simply wishes to name the individual Doe Defendants and proceed with the case. Because Plaintiff diligently pursued amendment as soon as she knew the identities of the named defendants, the Court should grant her leave to amend her complaint.

If she were not permitted to amend, Plaintiff would be greatly prejudiced. Plaintiff's federal claims are entirely dependent on the existence of an individually named defendant. Because of this, denying Plaintiff the ability to amend her complaint and name the Doe Defendants would effectively bar the remedy she seek for violations of the U.S. Constitution. Defendants will suffer no undue prejudice if the Court grants Plaintiffs leave to amend. First, the County has long known or has had reason to know the identity of the deputies involved in this incident. Second, they have joined Plaintiffs in this stipulation, showing that they do not find it unduly prejudicial. For these reasons, there is good cause to allow amendment. *See, e.g., Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987) (there is a profound need to ensure that civil rights cases are adjudicated on their merits).

The parties request that the Court afford Plaintiff seven (7) days to file her

Second Amended Complaint after the Court grants her leave. The parties further request that Defendants' responsive pleading be due fourteen (14) days after service of the Second Amended Complaint.

    Based upon the foregoing, the parties apply for and stipulate to an order permitting Plaintiff to file a Second Amend Complaint, attached hereto as "Exhibit A."

DATED:  March 6, 2024       **LAW OFFICES OF DALE K. GALIPO**

                              By:    */s/Cooper Alison-Mayne*
                                   Dale K. Galipo
                                   Cooper Alison-Mayne[1]
                                   *Attorneys for Plaintiffs*

DATED: March 6, 2024       **PORTER SCOTT PC**

                                   */s/ John R. Whitefleet*
                                   John R. Whitefleet
                                   Attorney for Defendant

---

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.