**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG,
and ERIC BAVARO
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>       Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and DOES 1-10, in its individual capacities,<br><br>       Defendants.<br>_____/ | Case No.  2:23-cv-01887-DJC-KJN<br><br>**DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>FAC Filed:  11/21/2023<br>SAC Filed:  3/14/2024 |

Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO hereby submit the following Answer to the Second Amended Complaint ("SAC") filed by Plaintiff DOROTHEY HEIMBACH as follows:

**JURISDICTION & VENUE**

1.     Answering paragraphs 1 and 2, these answering Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

1

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

**INTRODUCTION**

2.      Answering paragraphs 3, 4, 5, and 6, these answering Defendants contend these paragraphs contain argument, conclusions, and immaterial, inflammatory, superfluous and unnecessary language, but otherwise deny all allegations contained in these paragraphs.

**PARTIES**

3.      Answering paragraphs 7 and 8, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

4.      Answering paragraph 9, these answering Defendants admit the County of Stanislaus is a public entity.   Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

5.      Answering paragraph 10, these answering Defendants generally and specifically deny all allegations contained in this paragraph.

6.      Answering paragraph 11, these answering Defendants admit that Justin Camara, Za Xiong, and Eric Bavaro were deputy sheriffs, were acting under color of law and within the course and scope of their duties.   Answering the remaining allegations in said paragraph, these answering Defendants contend said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the remaining allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all remaining allegations contained in this paragraph.

7.      Answering paragraph 12, these answering Defendants contend such an allegation is immaterial and irrelevant or seeks private information, and thus decline to respond on those grounds, and on the basis of those objections only, denies the allegations in the paragraph.

8.      Answering paragraphs 13, 14, 15, and 16, these answering Defendants contend said paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

9.      Answering paragraphs 13, 14, 15, and 16, these answering Defendants contend said paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

10.     Answering paragraphs 17, 18, 19, 20, 21, and 22 these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Answering paragraph 23, these answering Defendants contend this paragraph contains argument, conclusions, superfluous and unnecessary language, but otherwise deny all allegations contained in this paragraphs.

12.     Answering paragraphs 24, 25, 26, and 27, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs, and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

13.     Answering paragraph 28, 29, 30, 31, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

14.     Answering paragraphs 32 and 33, these answering Defendants contend said paragraphs contains conclusions and not averments of fact for which a response is required, but insofar as a response is required, lack sufficient information or knowledge to enable them to answer the allegations in these paragraphs and basing their denial on this ground, generally and specifically deny all allegations contained in these paragraphs.

15.     Answering paragraphs 34 and 35, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

///

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

16.     Answering paragraph 36, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

17.     Answering paragraphs 37, 38, 39, and 40, these answering Defendants generally and specifically deny all allegations contained in this paragraph.

18.     Answering paragraph 41, these answering Defendants contend said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in this paragraph.

19.     Answering paragraphs 42, 43, 44, 45, 46, 47, and 48,  these answering Defendants contend these paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, and/or contain conclusions of fact based on erroneous assumptions, otherwise, Defendants generally and specifically deny all allegations contained in these paragraphs.

20.     Answering paragraph 49, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF

### (Fourth Amendment Unlawful detention (42 U.S.C. § 1983) against CAMARA and XOING

21.     Answering paragraph 50, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

22.     Answering paragraph 52, admitted.

23.     Answering paragraphs 51, 53, 54, and 55, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

24.     Answering paragraphs 56, 57, and 58, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

///

1
2

## SECOND CLAIM
### (Fourth Amendment excessive force (42 U.S.C. § 1983) Against JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO

3
4

25.     Answering paragraph 59, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

5
6

26.     Answering paragraphs 60, 61, 63, 66, 67 these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

7
8
9

27.     Answering paragraph 62, 68, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations in this paragraph, and basing their denial on this ground, generally and specifically deny all allegations contained in this paragraph.

10
11
12
13

28.     Answering paragraphs 64, 65, 69 and 70, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

14

## THIRD CLAIM

15
16

### Fourth Amendment Denial of Medical Care (42 U.S.C. § 1983) Against JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO

17
18

29.     Answering paragraph 71, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

19
20

30.     Answering paragraphs 72, 73, 74, 75, 76, 77, 78, 79, 80, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

21
22
23
24

31.     Answering paragraphs 81, 82, and 83, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

25   ///
26   ///
27   ///
28   ///

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

**FOURTH CLAIM**

**Fourteenth Amendment, Denial of Familial Relationship (42 U.S.C. § 1983)**

**Against JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO**

32.     Answering paragraph 84, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

33.     Answering paragraph 85, these answering Defendants contend said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in this paragraph.

34.     Answering paragraph 86, admitted.

35.     Answering paragraphs 87, 88, 89, and 92, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

36.     Answering paragraphs 90 and 91, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**FIFTH CLAIM**
**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**Against Stanislaus County**

37.     Answering paragraph 93, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

38.     Answering paragraphs 94, 95, 96 including subparagraphs a-m, 97, 98 and 99, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

39.     Answering paragraphs 100 and 101, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

///

///

///

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

### SIXTH CLAIM
### Municipal Liability- Failure to Train (42 U.S.C. § 1983)
### Against Stanislaus County

40.     Answering paragraph 102, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

41.     Answering paragraphs 103, 104, 105, 106, and 107, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

42.     Answering paragraphs 108 and 109, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

### SEVENTH CLAIM

### Municipal Liability- Ratification (42 U.S.C. § 1983)

### Against Stanislaus County

43.     Answering paragraph 110, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

44.     Answering paragraphs 111, 112, 113, 114, 115, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

45.     Answering paragraphs 116 and 117, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

### EIGHTH CLAIM

### False Arrest
### Against JUSTIN CAMARA, ZA XIONG, and STANISLAUS COUNTY

46.     Answering paragraph 118, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

47.     Answering paragraphs 119, 120, 121, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

48.     Answering paragraphs 122 and 123, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

## NINTH CLAIM
### Battery
### Against all Defendants

49.     Answering paragraph 124, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

50.     Answering paragraphs 125, 126, 127, 128, 130, 131, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

51.     Answering paragraphs 129, 132 and 133, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

## TENTH CLAIM
### Negligence (wrongful death and survival)
### Against all Defendants

52.     Answering paragraph 134, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

53.     Answering paragraphs 135, these answering Defendants contend said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in this paragraph.

54.     Answering paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 146, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

55.     Answering paragraphs 145, 147 and 148, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

///

///

8

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

**ELEVENTH CLAIM**
**Violation of Cal. Civil Code section 52.1**
**Against all defendants**

56.     Answering paragraph 149, these answering Defendants repeat and incorporate by reference all responses to each and every allegation of the paragraphs as if fully set forth herein.

57.     Answering paragraphs 150, these answering Defendants contend said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in this paragraph.

58.     Answering paragraphs 151, 152, 153, 154, 155, 157, these answering Defendants generally and specifically deny all allegations contained in these paragraphs.

59.     Answering paragraphs 156, 158 and 159, these answering Defendants contend said paragraphs contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

## I.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the SAC, all individual Defendants and/or any employee of the County, were acting in good faith and are entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983.

### SECOND AFFIRMATIVE DEFENSE

Based on information and belief, Defendants alleges that decedent had a duty to exercise due care but failed to do so by his conduct, including but not limited to, failing to comply with lawful orders and/or engaging in a physical altercation with employees of the County and/or the individual defendants and based thereon, Defendants allege that decedent was himself guilty of comparative negligence or fault due to his failures.

///

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

### THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendants allege, based on information and belief, that all acts and omissions alleged in the First Amended Complaint fall within the immunities and defenses and all rights granted to it and each of it by virtue of provisions of the California Government Code Sections 810-996.6.  Defendants relies on *Vargas v. Cty. of Yolo*, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) for the language herein to preserve these defenses.

### FOURTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendants allege that third persons or entities other than the answering Defendants, including but not limited to medical personnel, which proximately caused and/or contributed to the damages, if any, suffered by decedent or Plaintiff.  Accordingly, Plaintiff's recovery is barred or reduced proportionately by the careless, negligence and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action.  This defense is interposed only in the alternative and does not admit any of the allegations of the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or decedent, failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the SAC and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiff to exercise reasonable diligence and effort to mitigate the damages alleged.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Decedent wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendants(s) used no more than reasonable and necessary force in defense of himself, his person or property.

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

## NINTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Plaintiff's and/or decedent's claims, and each of them, are barred by the provisions of California Penal Code sections 834(a), 835, 835(a), 836 and 836.5.

## TENTH AFFIRMATIVE DEFENSE

Based on information and belief, not all potential beneficiaries/heirs of the decedent are parties to the action, and thus any survivor action and/or wrongful death action lack sufficient standing without all heirs, who are necessary parties under Federal Rule of Civil Procedure 19.

## ELEVENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiff and/or decedent has failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate affirmative defense to the SAC, Defendants alleges that Plaintiff's and/or decedent's claims are barred in whole or in part by reason of unclean hands.

## II.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff's action be dismissed;

2.     That Plaintiff take nothing by way of her Complaint;

3.     That Defendants be awarded its costs of suit, including attorney's fees; and

4.     For such other relief as the Court deems proper.

Date: March 21, 2024                    Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: /s/ John R. Whitefleet
          John R. Whitefleet
          Attorneys for Defendants STANISLAUS COUNTY
          JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1

1

## **DEMAND FOR JURY TRIAL**

2

Defendants hereby demand a trial by jury in the above-entitled action as provided by the Seventh

3

Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

4

Respectfully submitted,

5

Dated:  March 21, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

6

7

By   /s/ John R. Whitefleet

8

John R. Whitefleet
Attorneys for Defendants STANISLAUS

9

COUNTY      JUSTIN CAMARA, ZA
XIONG, and ERIC BAVARO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT

4855-2242-1680, v. 1