**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, ERIC BAVARO
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva, <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities, <br><br> Defendants. _____/ | Case No. 2:23-cv-01887-DJC-CSK <br><br> STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER <br><br> First Amended Complaint Filed: 11/21/2023 <br> Second Amended Complaint Filed: 3/14/2024 |

Plaintiff DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva ("Plaintiff"), and Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, ERIC BAVARO ("Defendants"), by and through their respective counsel, hereby stipulate and in good faith believe that documents potentially within the scope of discovery for the instant matter, including but not limited to the documents identified below that have been or will be requested by Plaintiff, are subject to protection pursuant to Fed. R. Civ. P. 26(c). The terms of this protective order shall apply to the items

listed below and any future production of confidential documents that Defendants may designate in good faith to be confidential.

### STIPULATION AND PROTECTIVE ORDER

Defendants take the position that certain materials, including but not limited to personnel records, internal affairs and use of force records, are confidential and/or implicate privacy rights, and are thus subject to protection pursuant to Fed. R. Civ. P. 26(c). Therefore, the parties jointly request a protective order be entered in this case to protect the above referenced confidential records.

**A.    DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendant or Plaintiff designates as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order.  Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c).  Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendant" shall mean any person designated as a Defendant in Plaintiff's operative complaint.

5. "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or way it was stored, generated, or maintained.

6. "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, visual, audio or graphic materials, including all photographic, video or audio recordings, drawings or other physical renderings and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

7. "Information" shall include Documents as described above as well as recordings (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content and the content contained therein.

**B.  TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the following terms apply to documents designated as "Confidential" as described above, by the Defendant and produced by subpoena or otherwise, subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the above-captioned case and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. All records subject to this protective order shall be designated as confidential by affixing a mark labelling them "Confidential" by the designating party.

3. The Confidential Documents may only be disclosed to the following persons:
   (a) Counsel for Plaintiff, including partners and associate attorneys in their offices, as counsel for Plaintiff in this case;
   (b) Counsel for Defendants, including partners and associate attorneys in their offices, as counsel for Defendants in this case;

  (c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b), including stenographic deposition reporters or videographers retained in connection with this action;

  (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

  (e) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

  (f) The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel;

  (g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential; and

  (h) The parties to this action and any representatives acting on their behalf for this action.

4. Before any Confidential Documents may be disclosed to persons described in Subsections (a)-(h) in paragraph 3 above, each person to whom such Confidential Documents are disclosed, except for Court officials and employees, shall be provided with a copy of this Protective Order and shall agree to be bound by and comply with the terms of this Order.

5. No notes, lists, memoranda, index, electronic images, databases or compilation prepared based wholly or in part upon examination of Confidential Documents shall be disseminated to anyone not authorized to have access to Confidential Documents.

6. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according

to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

7. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

8. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of receiving notice of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge. Failure by the Designating Party to make such a motion within twenty-one (21) days shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge

proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media, provided that the Challenging Party has not obtained, by challenge or otherwise, the removal of the confidentiality designation from the Confidential Documents.

10. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

12. After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality designations. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown

by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties, unless the Challenging Party has obtained removal of the confidentiality designations from certain documents.

14. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated: October 29, 2024     LAW OFFICES OF DALE K GALIPO

                            By     */s/Cooper Alison-Mayne*
                                    Cooper Alison-Mayne

Dated: October 29, 2024     LAW OFFICES OF DEAN PETRULAKIS

                            By     */s/Dean Petrulakis*
                                    Dean Petrulakis

Dated: October 29, 2024     PORTER | SCOTT
                            A PROFESSIONAL CORPORATION

                            By     */s/John R. Whitefleet*
                                    John R. Whitefleet
                                    Attorneys for Defendants

**CERTIFICATION RE
AGREEMENT CONCERNING DOCUMENTS
COVERED BY PROTECTIVE ORDER**

I hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (hereinafter "Order"), *HEIMBACH v STANISLAUS COUNTY, et al., 23-CV-01887*.

I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Documents to anyone, except as allowed by the Order. I will maintain all such Confidential Documents – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it. Not later than thirty (30) days after the conclusion of this action, I shall either (a) return such documents to counsel for the party or non-party who provided such information, or at my election, (b) destroy such documents and certify in writing that the documents have been destroyed.

I hereby consent to the jurisdiction of the Eastern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____, _____.

By: _____

Address: _____

_____

_____

Phone: _____

## **(PROPOSED) ORDER**

Pursuant to the stipulation of the parties:

1. The Protective Order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2009).

**IT IS SO ORDERED.**

DATED: _____        _____

                                                           UNITED STATES MAGISTRATE JUDGE