**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, ERIC BAVARO
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>Defendants.<br>_____/ | Case No. 2:23-cv-01887-DJC-CSK<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO ALLOW LATE REBUTTAL DISCLOSURES AND TO EXTEND TIME TO COMPLETE EXPERT DISCOVERY**<br><br>First Amended Complaint Filed: 11/21/2023<br>Second Amended Complaint Filed: 3/14/2024 |

**NOTICE TO PLAINTIFF AND HER ATTORNEY OF RECORD**:

PLEASE TAKE NOTICE that Pursuant to Local Rule 233, Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, ERIC BAVARO ('Defendants") (collectively "Defendants") hereby move for administrative relief to allow late disclosure of rebuttal experts and to continue the date to complete expert discovery.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**I.     INTRODUCTION**

This case arises from detention/arrest of Anthony Silva on October 8, 2022, and the force used

1

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE:
DEFENDANTS' REBUTTAL EXPERT DISCLOSURE AND EXTEND EXPERT DISCOVERY 4934-5724-2370, v. 1

during the incident. Mr. Silva sustained a spinal cord injury and expired on September 10, 2023. Plaintiff asserts violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. section 1983 and related state law claims.

The scheduling order dated February 2, 2024 (ECF No. 11), set expert disclosures, including rebuttal disclosures. At issue in this motion is the March 21, 2025 (a Friday) rebuttal disclosure. (p.3:9, ECF No. 1).

In disclosing experts, Plaintiff timely disclosed a forensic pathologist, who opined, inter alia, about Mr. Silva's life expectancy. Two business days late (the next Tuesday), on March 25, 2025, Defendants disclosed Dr. Robert Shavelle, PhD, a life expectancy expert and will testify as to Mr. Silva's life expectancy and the underlying scientific basis for same, and to rebut the opinions of Dr. Omalu. A written report, CV, fee schedule and list of testimony were provided in compliance with the Federal Rules. The lateness was due to internal miscommunications at the office of counsel, i.e. simple human error.

Plaintiff immediately objected to the disclosure as untimely. Subsequent telephonic meet and confer on March 27, 2025, did not result in any agreement to allow the late disclosure.

In addition, the undersigned is scheduled to commence a lengthy trial which puts completing expert deposition by the current schedule of April 18, 2025 (p. 3:9, ECF No. 11), due the availability of the expert, and counsel untenable. Accordingly, Defendants now seek administrative relief, and submit there is good cause to nunc pro tunc allow the two-business-day later disclosure and to extend expert discovery, due to an upcoming trial and the availability of Plaintiff's expert. Plaintiff is not prejudice by the two days nor by the extension, nor by the extension.

## II.   ARGUMENT

**A.   Good cause exists to allow the two-business days late rebuttal disclosure and to extend expert discovery**

A scheduling order may only be modified upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16 (b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The inquiry into "good cause" "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Among the factors that may properly guide a district court in determining

2

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE:
DEFENDANTS' REBUTTAL EXPERT DISCLOSURE AND EXTEND EXPERT DISCOVERY 4934-5724-2370, v. 1

whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir.2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003)).

Here, Defendants submit good cause exists to allow the late rebuttal disclosure, due to simply human error and the proximity in time to the actual disclosure deadline, and this motion being made as soon as practicable to seek the necessary relief. Plaintiff cannot possibly be prejudiced by the two-business day late disclosure, and the late disclosure is effectively harmless. To the extent any prejudice could arise, the below requested extension on expert discovery effectively cures same, to ensure Plaintiff has sufficient time to complete the deposition of Dr. Shavelle should she so choose.

Defendants further submit there is good cause to continue the expert discovery completion date to June 27 2025. The available dates of Plaintiff's retained expert Scott Defoe has thus far conflicted with the dates associated with *Athwal et al v County of Stanislaus et al*, USDC EDCA Case No. 1:15-cv-00311-DJC, set to commence trial on April 14, 2025 and will likely last well through May. Accordingly, continuance of the expert deadline is warranted to accommodate that trial and the expert's availability.

Defendants therefore request grant this relief to allow late disclosure of rebuttal experts and to continue the date to complete expert discovery.

                                                      Respectfully submitted,

Dated: March 27, 2025                        PORTER SCOTT
                                                      A PROFESSIONAL CORPORATION

                                                      By _____
                                                          John R. Whitefleet
                                                          Attorneys for Defendants

3

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE:
DEFENDANTS' REBUTTAL EXPERT DISCLOSURE AND EXTEND EXPERT DISCOVERY   4934-5724-2370, v. 1

## DECLARATION OF JOHN R. WHITEFLEET

I, John R. Whitefleet, declare as follows:

1. I am an attorney at law licensed to practice before all the courts of the State of California. I am a shareholder with the law firm of Porter Scott, attorney of record for Defendants ("Defendants") in the in the above-entitled matter

2. I make this Declaration on my own personal knowledge except to the facts stated on information and belief. As to such facts, I believe them to be true. If called upon to do so, I could and would competently testify about the matters asserted herein.

3. In anticipation of the March 21, 2025 deadline for the rebuttal disclosures, I sent an email to both my paralegal and my secretary about gathering the necessary documents for the disclosure about a week or so in advance of the disclosure deadline. In doing so, however, this apparently resulted in internal confusion over who was going to actually finalize the disclosure for production and service. Neither sought clarification from me, and I also (now incorrectly) assumed the matter was taken care of. This situation of diffusion of responsibility, where each person assumes someone else will act, was error on my part. I discovered the oversight on March 25, 2025 and caused the disclosure to be served that same day.

4. Plaintiff sent objections the same day. I reached out to meet and confer that same day and we coordinated a date and time to discuss the matter. Counsel for parties telephonically discussed the matter on March 27, 2025 but no resolution was agreed upon.

5. I have trial in the matter of *Athwal et al v County of Stanislaus et al*, USDC EDCA Case No. 1:15-cv-00311-DJC, set to commence trial on April 14, 2025, and my office's attempt to gain the availability of Plaintiff's retained expert Scott Defoe has conflicted with that trial and related dates.

6. Therefore, on behalf of Defendants I submit there is good cause to allow late disclosure of rebuttal experts and to continue the date to complete expert discovery.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, executed this March 27, 2025, at Sacramento, California.

              ___/s/ John R. Whitefleet_____
              John R. Whitefleet

4

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE:
DEFENDANTS' REBUTTAL EXPERT DISCLOSURE AND EXTEND EXPERT DISCOVERY 4934-5724-2370, v. 1