**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**LAW OFFICES OF DEAN PETRULAKIS**
Dean Petrulakis, Esq. (Bar No. 192185)
1600 G Street, Suite 202
Modesto, CA 95354
Tel: (209) 522-6600

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva, <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities, <br><br> Defendants. | Case No. 2:23-cv-01887-DJC-CSK <br><br> **PLAINTIFF'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF** |

**PLAINTIFF'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**
2  **HEREIN:**

3      Plaintiff opposes Defendants' Motion for Administrative Relief to allow
4  untimely rebuttal expert disclosures and to extend the expert discovery deadline.
5  Defendants fail to demonstrate "good cause" as required under Federal Rule of Civil
6  Procedure 16(b)(4), and the motion should be denied.

7      As the Ninth Circuit made clear in *Johnson v. Mammoth Recreations, Inc.*, 975
8  F.2d 604, 609 (9th Cir. 1992), "[t]he district court may modify the pretrial schedule 'if
9  it cannot reasonably be met despite the diligence of the party seeking the extension.'"
10  The focus of the "good cause" inquiry is on the diligence of the moving party. "If that
11  party was not diligent, the inquiry should end." *Id*.

12      Here, Defendants concede the delay was caused by internal miscommunication
13  and a breakdown in their own administrative process. This is the very type of
14  "carelessness" that the Ninth Circuit has found "is not compatible with a finding of
15  diligence and offers no reason for a grant of relief." *Id*. at 609–10; *see also Engleson*
16  *v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not
17  a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*,
18  448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31
19  L.Ed.2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir.1962) (same).

20      Defendants had clear advance notice of the rebuttal disclosure deadline and
21  failed to meet it due to a preventable oversight. Such conduct does not establish
22  diligence under *Johnson*.

23      Moreover, Defendants seek to shift the burden of their own error onto Plaintiff
24  by asking the Court to retroactively excuse a violation of the scheduling order. But
25  "[t]he burden was upon [Defendants] to prosecute [their] case properly." *Id*. at 610.
26  Plaintiff timely objected and should not be penalized by a late disclosure, especially
27  where no showing has been made that the expert was previously unavailable or that

2
**PLAINTIFF'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**

disclosure could not reasonably have occurred on time.

Because Defendants have not shown that the scheduling deadline could not "reasonably be met despite the diligence" of counsel, the Court should deny the motion.

DATED: April 3, 2025                    LAW OFFICES OF DALE K. GALIPO

                                        By: _/s/ Cooper Alison-Mayne_____
                                            Dale K. Galipo
                                            Cooper Alison-Mayne
                                            *Attorneys for Plaintiff*

3
**PLAINTIFF'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**