**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**LAW OFFICES OF DEAN PETRULAKIS**
Dean Petrulakis, Esq. (Bar No. 192185)
1600 G Street, Suite 202
Modesto, CA 95354
Tel: (209) 522-6600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG,<br><br>Defendants. | **Case No. 2:23-CV-01887-DJC-CSK**<br>Judge: Hon. Daniel J. Calabretta<br>Magistrate Judge: Chi Soo Kim<br><br>**JOINT PROPOSED PRETRIAL STATEMENT OF THE PARTIES**<br><br>FPTC: November 13, 2025<br>Time: 1:30 p.m.<br>Dept.: 10 |

Pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the United States District Court, Eastern District of California Local Rule 281, and all applicable Orders of the above-named Court, defendants STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG, (collectively, "Defendants") and plaintiff DOROTHEY HEIMBACH hereby respectfully submit this Joint Pre-Trial Statement in this civil rights/personal injury action.

**JOINT PRE-TRIAL STATEMENT OF THE PARTIES**.

1. **FEDERAL JURISDICTION AND VENUE**.

The parties agree that jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(3) on federal question grounds. The parties also agree venue is proper under 28 U.S.C. § 1391(b) in light of the fact that all of the relevant events in this action occurred within the County of Stanislaus.

The parties do not dispute that the substantive law of the State of California provides the rule of decision regarding plaintiff's supplemental jurisdiction claims.

2. **JURY TRIAL**.

Both parties demanded a trial by jury. The trial is estimated to take 5-7 court days, from voir dire through closing arguments.

3. **UNDISPUTED FACTS**.

The parties hereby stipulate that, for the purposes of Trial, the following facts are true and may be read to the Jury.

1. The incident at issue involving decedent Anthony Silva and Defendants, Deputies Justin Camara and Za Xiong, occurred on the afternoon of October 8, 2022.

2. Stanislaus County is and was a municipal corporation existing under the laws of the State of California.

3. Stanislaus County Sheriff's Department is a department within the County of Stanislaus.

4. Justin Camara and Za Xiong were employed by Stanislaus County Sheriff's Department at the time of the incident at issue in this case.

5. Justin Camara and Za Xiong were acting in the course and scope of their employment at the time of the incident at issue in this case.

6. Justin Camara and Za Xiong were acting under color of law.

4.  **DISPUTED FACTUAL ISSUES**.

    **Plaintiff's submission:**

    - The amount and severity of force used during the initial takedown and arrest of Mr. Silva.

    - Whether the initial arrest was supported by probable cause.

    - Whether Mr. Silva offered any resistance during the initial takedown and arrest.

    - Whether Mr. Silva was suspected of a serious crime at the time of the initial encounter.

    - Whether Mr. Silva posed any threat to the deputies or others present at the scene during the initial encounter.

    - The amount and severity of force used during the subsequent takedown that resulted in Mr. Silva striking his head on the pavement.

    - Whether the force employed during the subsequent takedown constituted deadly force.

    - Whether the force that caused Mr. Silva's catastrophic injuries was intentionally applied.

    - Whether Mr. Silva was actively resisting arrest at the time of the subsequent takedown, and if so, to what extent.

    - Whether Mr. Silva was attempting to flee at the time of the subsequent takedown, and if so, to what extent.

    - Whether Mr. Silva had ceased resisting and was under the officers' full control when they lowered him to the ground with his hands pulled upward, just prior to the head-first take-down.

    - Whether Mr. Silva struck, kicked, or injured anyone during the incident.

    - Whether the deputies were aware of Mr. Silva's mental health issues.

    - Whether the deputies took Mr. Silva's mental health issues into consideration when determining the appropriate level of force to employ.

    - Whether the force used demonstrated deliberate indifference to Mr. Silva's constitutional rights.

    - Whether Mr. Silva's neck was bent and unsupported while on the bench, potentially exacerbating his injuries.

    - Whether the deputies requested Code-3 emergency medical response, or not.

- Whether the deputies downplayed the severity of the incident and Mr. Silva's injuries to emergency medical personnel.

- When the defendants knew or should have known the seriousness of Mr. Silva's medical condition.

- Whether the defendants were deliberately indifferent to Mr. Silva's obvious and serious medical needs.

- Whether the defendants' failure to summon immediate emergency medical assistance constituted deliberate indifference.

- Whether the defendants' improper handling of Mr. Silva after his injury constituted deliberate indifference.

- Whether the defendants' actions and omissions in providing medical care caused or contributed to the severity of Mr. Silva's injuries and death.

- Whether the defendants' actions and omissions in providing medical care caused or contributed to Mr. Silva's injuries and death.

- Whether the deputies' use of force was a substantial factor causing Mr. Silva's injuries and death.

- Whether the deputies' actions and omissions proximately caused Mr. Silva's death approximately one year after the incident.

- The nature and closeness of the relationship between Mr. Silva and the plaintiff.

- The nature and extent of Mr. Silva's injuries and pain and suffering.

**Defendants' Submission:**

Defendants submit a factual summary will be submitted with their trial brief . The issues to be decided are the following:

1. Whether Plaintiff can establish a violation of the Fourth Amendment pursuant to 42 U.S.C. section 1983 as arising from the detention of Anthony Silva;

2. Whether Plaintiff can establish that that deputies violated the Fourth Amendment pursuant to 42 U.S.C. section 1983 for force used while Anthony Silva was in custody;

3. Whether Plaintiff can establish deliberate indifference to the medical needs of Anthony Silva pursuant to 42 U.S.C. section 1983;

4. Whether Plaintiff can establish deliberate indifference to her familial rights pursuant to 42 U.S.C. section 1983;

5. Whether Plaintiff can establish the elements of a claim for violation of Civil Code section 52.1;

6. Whether Plaintiff can establish false arrest under state law.

7. Whether Plaintiff can establish battery under state law;

8. Whether Plaintiff can establish negligence under a wrongful death theory

9. Whether decedent acted in a matter that assumed the risk, consented to the conduct or contributed to his injuries under state law.

10. Whether decedent violated Penal Code 834a.

11. Whether decedent or Plaintiff sustained any compensable injuries and/or damages arising out of the allegations asserted in the Complaint and, if so, in what amount.

12. The extent of any claimed injuries and/or damages to Plaintiff.

13. The extent of any claimed injurie and/or damages to decedent

14. Whether Plaintiff and/or decedent, failed to exercise reasonable diligence so as to mitigate the damages, if any, and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of decedent and/or third parties to exercise reasonable diligence and effort to mitigate the damages alleged

15. Whether there were intervening or superseding cause(s) to the damages to decedent and/or death of decedent.

The foregoing list of disputed issues is not exhaustive, and the parties reserve the right to identify additional contested issues as litigation proceeds and discovery continues.

5. **DISPUTED EVIDENTIARY ISSUES.**

Plaintiff anticipates filing the following motions in limine: (1) To preclude/limit introduction of certain testimony from Plaintiffs' retained experts; (2) to exclude information unknown to the officers on scene at the time of the incident, including criminal history, past bad acts, history of drug use, and toxicology findings; (3) to exclude any reference to post-incident findings by any agency.

Plaintiff reserves the right to file additional motions in limine.

Defendants intend to file the following motions in limine, but is not exhaustive:

1. To preclude/limit introduction of certain testimony from Plaintiffs' retained experts;

2. To preclude introduction of testimony or evidence of past lawsuits or other incidents of force involving defendants or the County;

3. To exclude witnesses attendance at trial per FRE 615;

4. To preclude introduction of evidence that any charges were filed/dismissed against decedent arising from the incident.

9. To preclude introduction of certain exhibits listed by Plaintiffs.

6. **RELIEF SOUGHT BY PLAINTIFFS**.

Plaintiff seeks compensatory damages (general, special), punitive damages, attorneys' fees, and costs of suit. Plaintiff seeks both survival and wrongful death damages.

Defendants seek qualified immunity, judgment for defendants, attorneys' fees (including for costs of defense for any/all denied admissions), and costs of suit.

7. **OPERATIVE CLAIMS AT ISSUE & POINTS OF LAW**.

  a. **Plaintiff's Operative Claims.**

The operative Complaint was filed on March 14, 2024. [Dkt. Doc. 15]

1. The first claim for relief for Unlawful Detention (42 U.S.C. § 1983) upon

decedent Anthony Silva, by plaintiff Dorothey Heimbach (on decedent's behalf) against defendants Officers Justin Camara and Za Xiong.

2. The second claim for relief for Excessive Force in violation of the Fourth Amendment to the U.S. Constitution upon decedent Anthony Silva, pursuant to 42 U.S.C. § 1983, by plaintiff Dorothey Heimbach (on decedent's behalf) against defendants Justin Camara and Za Xiong.

3. The third claim for relief for Denial of Familial Relationship (42 U.S.C. § 1983)), by plaintiff Dorothey Heimbach against defendants Justin Camara and Za Xiong.

4. The fourth claim for relief for Denial of Medical Care (42 U.S.C. § 1983) with decedent Anthony Silva pursuant to 42 U.S.C. § 1983, by plaintiff Dorothey Heimbach (on decedent's behalf), against defendants Justin Camara and Za Xiong.

5. The fifth claim for relief for False Arrest under California law, by plaintiff Dorothey Heimbach (on decedent's behalf), against defendants County of Stanislaus, Justin Camara, and Za Xiong.

6. The sixth claim for relief for Battery (Wrongful Death/Survival) under California law, by plaintiff Dorothey Heimbach, against defendants County of Stanislaus, Justin Camara, and Za Xiong.

7. The seventh claim for relief for Negligence (Wrongful Death/Survival) under California law, by plaintiff Dorothey Heimbach, against defendants County of Stanislaus, Justin Camara, and Za Xiong.

8. The eighth claim for relief for violations of the Bane Act (Cal. Civil Code § 52.1) by plaintiff Dorothey Heimbach, against defendants County of Stanislaus, Justin Camara, and Za Xiong.

    b. **Controlling Points of Law/Authority.**

The parties intend to submit a trial brief on the controlling points of law.

8. **ABANDONED ISSUES**.

Plaintiff has abandoned her claims against Deputy Eric Bavaro. Plaintiff has also abandoned the Monell claims. Plaintiff has also abandoned the request for punitive damages.

These issues were addressed in the court order on December 19, 2024 (Dkt. 29), the Joint Stipulation Regarding Dismissal Of Claims And Agreement Not To File Summary Judgment Motions (ECF No. 34) and the Court's May 20, 2025 order dismissing the above claims.

9. **WITNESSES.**

The parties incorporate by reference here the separate Witness List of the Parties, including proposed witness order, time estimates, and subject of anticipated testimony. The parties reserve the right to revise their Witness List.

10. **EXHIBITS & DISCOVERY DOCUMENTS**.

The parties will submit separate lists and will meet and confer to create a Joint Exhibit List and modify their separate lists accordingly

11. **FURTHER DISCOVERY OR MOTION NEEDS**.

The parties believe that all pertinent discovery has been timely completed in this action, and the parties do not anticipate any discovery-related motion needs.

12. **STATEMENT OF THE CASE**.

**Plaintiff's Submission:**

This case arises from the use of force used during the arrest of Anthony Silva by Stanislaus Sheriff's Department Deputies on the afternoon of October 22, 2022, in Riverbank, California.

The Plaintiff is Dorothy Heimbach, mother of Anthony Silva. Plaintiff contends that deputies used excessive and unreasonable force against Anthony Silva, and that their actions caused severe injuries, immediate paralysis and eventual death, one year later.

Defendants are Justin Camara, Za Xiong, and the County of Stanislaus. The defendants deny Plaintiffs' claims and contend that the use of force against Anthony Silva was reasonable under the totality of the circumstances. They also contend that the deputies' actions did not cause Anthony Silva's death.

**Defendants' Submission:**

This case arises from the detention of Anthony Silva on October 22, 2022 and subsequent death on September 10, 2023. Plaintiff Dorothy Heimbach, mother of Anthony Silva, asserts claims based on federal and state law. Defendants deny liability.

13. **EXPERT ISSUES.**

The parties propose motions *in limine* to address their expert issues in this case. The parties do not anticipate any need for any court-appointed experts.

14. **MISCELLANEOUS.**

    a. **Attorneys' Fees.**

If they prevail, Plaintiff will seek an award of attorney fees pursuant to 42 U.S.C. § 1988 and the Bane Act.

Defendants reserve their right to recover any attorneys' fees to which they may be entitled should defendants obtain a judgment in their favor.

    b. **Miscellaneous**.

The parties reserve their right to raise additional issues pursuant to Fed. R. Civ. P. 16(c) at the final Pre-Trial Conference of this matter, as appropriate.

15. **SETTLEMENT CONFERENCE**

The parties agree to referral of the matter to a Magistrate for Settlement Conference, and have commenced meet and confer regarding available dates. The parties are also still open to private mediation and will continue to make efforts to find a mutually agreeable mediator and schedule a private mediation.

DATED:  November 6, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:   */s/Cooper Alison-Mayne*
    Dale K. Galipo
    Cooper Alison-Mayne
    Attorneys for Plaintiff

DATED: November 6, 2025         **PORTER SCOTT**

By:   */s/John Whitefleet*
    John Whitefleet
    Attorney for Defendants