**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>Defendants.<br>_____/ | Case No. 2:23-cv-01887-DJC-CSK<br><br>**DEFENDANTS' PROPOSED VOIR DIRE**<br><br>First Amended Complaint Filed: 11/21/2023<br>Second Amended Complaint Filed: 3/14/2024 |

    1.    Do you currently reside or have you ever resided in Stanislaus County?

    2.    The Court will instruct you on the legal issues in this case, including the applicable burden of proof. Since this is a civil case and not a criminal case, the applicable burden of proof is that of a preponderance of the evidence. Do you have any disagreement with the concept that the Plaintiff must prove her case by preponderance of the evidence?

3. Are any of you or is any member of your immediate family personally acquainted with Dorothey Heimbach or Anthony Silva, related by blood or marriage, or do any of you or does any member of your immediate family have any connection of any kind with the Plaintiff or decedent?

4. Plaintiff is represented by Dale Galipo and Cooper Alison-Mayne from the Law Offices of Dale Galipo.  Are any of you or is any member of your immediate family personally acquainted with these attorney or the law firm?

5. The Defendants in this matter are Justin Camara and Za Xiong, who are employed with Stanislaus County Sheriff's Department. Are any of you or is any member of your immediate family personally acquainted with any of them, related by blood or marriage, or do any of you or does any member of your immediate family have any connection of any kind with the named Defendants?

6. Defendants are represented by John Whitefleet of the law firm, Porter Scott.  Are any of you or is any member of your immediate family personally acquainted with Defendant or his attorneys or the law firm, Porter Scott?

7. I will now read to you a list of additional names who might be called as witnesses in this case, please let me know if you or a member of your immediate family personally acquainted with any of them;  Eric Bavaro, Bret Babbit, Lauren Romero, Adam Padilla,  Mike Parker, Ed Ridenour, David Hickman, Sheriff Jeff Dirkse, Alex Helm, Scott DeFoe, Bennett Omalu, MD, Dr. Bryan James Beattie, Dr. Jahoon Koo, Dr. Deependra Mahato, Christina Marie Haro, Sandra Ann Richhart, Joshua Caleb Edwards, Javier Ramirez, Dr. Raman Moradkhan, Dr. Henry M Andoh, Brandon Jewett, Lee Sparks, David Ray Glenn, Marco Virgen, Arnold Blagg, Dr. Ron Martinelli, Dr. Ian McIntyre, Dr. Robert Bux, Dr. Robert Shavelle, Dr. Ravinder Bahia

8. Have you read anything about this case in a newspaper or on the internet, or heard anything about it on the television or radio?

9. Do you have any preconceived ideas about sheriff's departments or police departments, and the people who work in them? If so, what are those ideas?

10. Do you, or any close relative or friend, have any legal experience?  If your response is in the affirmative, please identify the person, your relationship, and the nature and extent of their involvement.

**DEFENDANTS' PROPOSED VOIR DIRE**

4893-4868-8023, v. 1

11. Have you served as a juror before? Is there anything about that prior experience which you believe would affect your ability to serve as an impartial and unbiased juror in this case?

12. Have you had any contact or communications with anyone from the Stanislaus County Sheriff's Department? If so, please describe the nature of those contacts.

13. Have you, a close relative or friend, had any interaction with law enforcement officials, including having been arrested or detained by law enforcement? What are the specific details of that interaction? Was there anything negative about that experience that may impact your ability to act as an impartial juror?

14. Do you belong to any organizations that advocate for the rights of persons? If so, what organizations?

15. Do you have any opinion on whether witnesses should be trusted or distrusted simply based on the fact they are persons who or were employed by the local government?

16. Have you recently seen news reports, YouTube videos or other social media about incidents between civilian and police or law enforcement? If yes, has that coverage negatively or positively affected your opinion of law enforcement?

17. Do you think the news portrays law enforcement positively or negatively? Do you agree?

18. Despite the media coverage recently received by law enforcement incidents involving civilians nationwide, do you believe you will be able to put your opinion and/or that media coverage aside and assess this case on its own facts and the legal standards you will be instructed on by the Judge?

19. Do you understand that Plaintiffs' burden to prove their case relates both to establishing liability and that Defendant's conduct caused the damages, if any? Is there anything about the concept that Plaintiff must prove her damages by a preponderance of the evidence which would affect your ability to serve as an impartial and unbiased juror in this case?

20. Is there anyone here that experienced death of a loved one? If so, how long ago, how close were you, do you believe you have sufficiently grieved over the death? Is there anything about that death that causes you believe you cannot set aside your own emotions and evaluate this case on its

own facts?

21. Our civil justice system allows that if someone dies through the fault or negligence of another, the successor in interest to the person who died may be entitled to monetary compensation. Do you have any strong feelings about whether that is proper or not?

22. Damages that are allowed in a wrongful death case include the loss of love companionship, comfort, affection, society, solace or moral support, which is determined by the nature and quality of the parent-child relationship. Is there anything in your own relationships either with your parents or children that would cause you believe you could not be impartial and judge the nature of the parent child relationship of the Plaintiff Dorothey Heimbach or Anthony Silva based on only the facts of this case?

23. Is there any reason you cannot listen, follow, and pay attention to all of the witnesses who come here to testify?

24. Will you be able to evaluate the testimony of each witness and put aside any biases you may have?

25. Do you know of any reason, or has anything occurred during this period of questioning that causes you to doubt that you could be completely fair and impartial in this case? If there is, it is your duty to disclose the reason at this time by raising your hand so that you can be recognized.

Dated: December 11, 2025             PORTER SCOTT
                                           A PROFESSIONAL CORPORATION

                                           By  /s/ John R. Whitefleet
                                                    John R. Whitefleet
                                                    Attorney for Defendants

**DEFENDANTS' PROPOSED VOIR DIRE**

4893-4868-8023, v. 1