**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333\

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DOROTHEY HEIMBACH,

          Plaintiff,

    vs.

STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG,

          Defendants.

2:23-cv-01887-DJC-CSK

*Assigned to:*
District Judge Daniel J. Calabretta

**PROPOSED JURY INSTRUCTIONS**

FPTC Date: December 18, 2025
Time: 1:30 PM
Location: Courtroom 7

1

PLEASE TAKE NOTICE that the Parties hereby submit the following joint and disputed Proposed Jury Instructions for the trial of this matter.

Respectfully submitted,

Dated: 12/11/25                                   LAW OFFICES OF DALE K. GALIPO

                                                         By: _/s/ Cooper Alison-Mayne_
                                                         Dale K. Galipo
                                                         Cooper Alison-Mayne
                                                         Attorneys for Plaintiff

Dated: 12/11/25                                   **PORTER SCOTT**

                                                         By:     _/s/ John Whitefleet_
                                                                    John Whitefleet
                                                                    _Attorney for Defendants_

# UNDISPUTED JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **Opening Joint Instructions** | | | |
| 1. | Duty of Jury | 9th Cir. 1.3 | 5 |
| 2. | Claims and Defenses | 9th Cir. 1.5 | 6 |
| 3. | Burden of Proof - Preponderance of Evidence | 9th Cir. 1.6 | 7 |
| 4. | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 8 |
| 5. | What is Evidence | 9th Cir. 1.9 | 9 |
| 6. | What is Not Evidence | 9th Cir. 1.10 | 10 |
| 7. | Evidence for a Limited Purpose | 9th Cir. 1.11 | 11 |
| 8. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 12 |
| 9. | Ruling on Objections | 9th Cir. 1.13 | 13 |
| 10. | Credibility of Witnesses | 9th Cir. 1.14 | 14 |
| 11. | Conduct of the Jury | 9th Cir. 1.15 | 15 |
| 12. | Publicity During Trial | 9th Cir. 1.16 | 19 |
| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | 20 |
| 14. | Taking Notes | 9th Cir. 1.18 | 21 |
| 15. | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 22 |
| 16. | Outline of Trial | 9th Cir. 1.21 | 23 |
| 17. | Cautionary Instructions | 9th Cir. 2.0 | 24 |
| 18. | Stipulations | 9th Cir. 2.2 | 25 |
| 19. | Expert Opinion | 9th Cir. 2.13 | 26 |
| 20. | Evidence in Electronic Format | 9th Cir. 2.16 | 27 |
| 21. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | 29 |
| 22. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 30 |
| 23. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | 9th Cir. 9.25 | 31 |

| 24. | Battery by Peace Officer (Non-Deadly Force | CACI 1305A | 33 |
|---|---|---|---|
| 25. | Negligence – Essential Factual Elements | CACI 400 | 35 |
| 26. | Negligent Use of Non-Deadly Force by Law Enforcement Officer in Arrest or Other Seizure | CACI 440 | 36 |
| 27. | Causation: Substantial Factor | CACI 430 | 38 |
| 28. | Duty to Deliberate | 9th Cir. 3.1 | 39 |
| 29. | Consideration of Evidence | 9th Cir. 3.2 | 40 |
| 30. | Communication with Court | 9th Cir. 3.3 | 42 |
| 31. | Readback or Playback | 9th Cir. 3.4 | 43 |
| 32. | Return of Verdict | 9th Cir. 3.5 | 44 |
| **Plaintiff's Jury Instructions** | | | |
| 1 | Fourteenth Amendment – Interference with Parent/Child Relationship | 9th Cir. 9.32 | 45 |
| 2 | Battery by Peace Officer (Deadly Force) | CACI 1305B | 48 |
| 3 | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 50 |
| 4 | Integral Participation | 9th Cir. 9.2 | 52 |
| 5 | Causation: Multiple Causes | CACI 431 | 53 |
| 6 | Vicarious Liability | CACI 3703 | 54 |
| 7 | Damages | 9th Cir. 5.1, 5.2; CACI 3921 | 55 |
| 8 | Subsequent Medical Treatment or Aid | CACI 3929 | 57 |
| 9 | Unusually Susceptible Plaintiff | CACI 3928 | 58 |
| **Defendants' Jury Instructions** | | | |
| 1 | Bias | CACI 113 | 59 |
| 2 | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 61 |
| 3 | Superseding Cause | CACI 432 | 62 |
| 4 | Standard of CA law on force | Caselaw | 64 |
| 5 | Comparative fault of decedent | CACI 407 | 66 |
| 6 | Self Defense/others | CACI 1304 | 68 |
| 7 | Mitigation of damages | CACI 3930 | 69 |

## JOINT PROPOSED INSTRUCTION NO. 1
## DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.3

**INSTRUCTION NO. 2**

**Claims and defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises from the October 8, 2022, encounter between Anthony Silva by Stanislaus County Sheriff's Deputies, during which Plaintiff alleges that Mr. Silva sustained a cervical spine fracture that rendered him quadriplegic. He died approximately eleven months later, on September 10, 2023.

The Plaintiff is Anthony Silva's mother, Dorothey Heimbach. She claims that Stanislaus Sheriff Department Deputies Justin Camara and Za Xiong used excessive and unreasonable force against Anthony Silva and were negligent, causing his paralysis, related injuries, and subsequent death. The plaintiff Dorothy Heimbach has the burden of proving these claims.

The defendants County of Stanislaus, Justin Camara and Za Xiong denies those claims and also contends that decedent Anthony Silva assumed the risk of his injury and contributed to his injuries, and/or fails to mitigate his damages, or there were intervening or superseding causes to his death. Defendants County of Stanislaus, Justin Camara and Za Xiong have the burden of proof on these affirmative defenses.

The Plaintiff denies defendants' affirmative defenses.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.5

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.6.

**INSTRUCTION NO. 4**

**Two or More Parties—Different Legal Rights**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.8.

## INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence;

(3)    any facts to which the lawyers have agreed; and

(4)    any facts that I [may instruct] [have instructed] you to accept as proved.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.9.

## INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)  Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.10.

## INSTRUCTION NO. 7
## EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.11.

# INSTRUCTIONNO. 8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.12.

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.13

# INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.14.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. 11
### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

     Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

16
17
18
19
20
21
22
23
24
25

    These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

26
27
28

    A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result, requiring the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court

immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.15.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 12
## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.16.

# INSTRUCTION NO. 13

## NO TRANSCRIPT AVAILABLE TO THE JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.17.

## INSTRUCTION NO. 14
## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.18.

### INSTRUCTION NO. 15
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may be necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.20.

# INSTRUCTION NO. 16

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.21.

# INSTRUCTION NO. 17
# CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 2.0; *see also United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999) (The practice in federal court of repeatedly instructing jurors not to discuss the case until deliberations is widespread).

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 18
## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 2.5;

## INSTRUCTION NO. 19
## EXPERT OPINION

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 2.13.

## INSTRUCTION NO. 20
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the

computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 2.16.

**INSTRUCTION NO. 21**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiff brings two claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Authority</u>: Based on Comment of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 9.1

# INSTRUCTION NO. 22
## SECTION 1983 CLAIM

In order to prevail on a § 1983 claim against Justin Camara and Za Xiong, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of state law; and
2. the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and
3. The defendants' conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.

The defendants' conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] Instructions for Fourth and Fourteenth Amendment claims, your verdict should be for the plaintiff on those claims. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants on those claims.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 9th Cir. 9.3. (modified)

## INSTRUCTION NO. 23
## FOURTH AMENDMENT – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, defending himself, or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Justin Camara and Za Xiong used excessive force against decedent.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Justin Camara and Za Xiong used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  the nature of the crime or other circumstances known to Justin Camara or Za Xiong at the time force was applied;

2.  whether Anthony Silva posed an immediate threat to the safety of Justin Camara, Za Xiong, or others;

3.  whether Anthony Silva was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time Justin Camara or Za Xiong had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  the relationship between the need for the use of force and the amount of force used;

6.  the extent of the Anthony Silva's injury;

7.  any effort made by Justin Camara or Za Xiong to temper or to limit the amount of force;

8.  the severity of the security problem at issue;

9.  the availability of alternative methods to take Anthony Silva into custody or to subdue Anthony Silva;

10. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11. whether it was practical for Justin Camara and Za Xiong to give warning of the imminent use of force, and whether such warning was given;

12. whether it should have been apparent to Justin Camara and Za Xiong that the person they used force against was emotionally disturbed; and

13. whether a reasonable officer would have or should have accurately perceived a mistaken fact.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9.25.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 24

## BATTERY BY PEACE OFFICER (NON-DEADLY FORCE)

Plaintiff claims that Defendants Justin Camara and/or Za Xiong harmed decedent by using unreasonable force to arrest him, prevent his escape, or overcome his resistance. To establish this claim, plaintiff must prove all of the following:

1. That Justin Camara and/or Za Xiong intentionally touched decedent;

2. That Justin Camara and/or Za Xiong used unreasonable force on decedent;

3. That decedent did not consent to the use of that force or restraint;

4. That decedent was harmed; and

5. That Justin Camara and/or Za Xiong's use of unreasonable force was a substantial factor in causing decedent's harm.

An officer may use reasonable force to arrest a person when the officer has reasonable cause to believe that that person has committed a crime.

In deciding whether defendants used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable officer in defendants' position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of defendants and decedent leading up to the use of force. You should consider, among other factors, the following:

(a) Whether decedent reasonably appeared to pose an immediate threat to the safety of Justin Camara, Za Xiong, or others;

(b) The seriousness of the crime at issue; and

(c) Whether decedent was actively resisting arrest or attempting to evade arrest.

An officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical

repositioning or other deescalation tactics are not retreat. An officer does not lose

the right to self-defense by using objectively reasonable force to

arrest/detain/prevent escape or overcome resistance.

Authority: California Civil Jury Instructions (2025), 1305A

## INSTRUCTION NO. 25
## NEGLIGENCE — ESSENTIAL FACTUAL ELEMENTS

Plaintiff claims that Anthony Silva was harmed by Defendants' negligence. To establish this claim, Plaintiff must prove all of the following:

1. That Justin Camara and/or Za Xiong was negligent;

2. That Anthony Silva was harmed; and

3. That Justin Camara and/or Za Xiong's negligence was a substantial factor in causing Anthony Silva's harm.

## INSTRUCTION NO. 26

## NEGLIGENT USE OF NON-DEADLY FORCE BY A LAW ENFORCEMENT OFFICER IN ARREST OR OTHER SEIZURE

A law enforcement officer may use reasonable force to arrest, prevent escape of, or overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to arrest the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

Plaintiff claims that Justin Camara and/or Za Xiong were negligent in using unreasonable force to arrest, prevent escape of, or overcome resistance of decedent Anthony Silva. To establish this claim, plaintiff must prove all of the following:

1. That Justin Camara and/or Za Xiong used force to arrest Anthony Silva;
2. That the amount of force used by Justin Camara and/or Za Xiong was unreasonable;
3. That Anthony Silva was harmed; and
4. That Justin Camara and/or Za Xiong's use of unreasonable force was a substantial factor in causing Anthony Silva's harm.

In deciding whether Justin Camara and/or Za Xiong used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable officer in Justin Camara and/or Za Xiong's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Justin Camara and/or Za Xiong and Decedent Anthony Silva leading up to the use of force. Among the factors to be considered are the following:

(A) Whether Anthony Silva reasonably appeared to pose an immediate threat to the safety of Justin Camara, Za Xiong, or others;

(B) The seriousness of the crime at issue;

(C) Whether Anthony Silva was actively resisting arrest or attempting to avoid arrest by flight; and

(D) Justin Camara and/or Za Xiong's tactical conduct and decisions before using force on Anthony Silva.

<u>Authority</u>: California Civil Jury Instructions (2025), 440

## INSTRUCTION NO. 27

## CAUSATION: SUBSTANTIAL FACTOR

For any state law claim, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Authority</u>: CACI 430.

## INSTRUCTION NO. 28
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.1.

# INSTRUCTION NO. 29
## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.2.

# INSTRUCTION NO. 30
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.3.

## INSTRUCTION NO. 31
## READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.4.

## INSTRUCTION NO. 32
## RETURN OF VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 3.5.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 1
## FOURTEENTH AMENDMENT – INTERFERENCE WITH
## PARENT/CHILD RELATIONSHIP

Under the Fourteenth Amendment to the United States Constitution, a child has a constitutionally protected liberty interest in the companionship and society of their parent. To find a violation of the Fourteenth Amendment, you must determine that the defendants' conduct "shocks the conscience."

Conduct shocks the conscience if:

1.    The defendants acted with a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives; or

2.    The defendants acted with deliberate indifference to the decedent's rights or safety.

If the situation escalated so quickly that the defendants had to make an instant judgment and did not have a practical opportunity to actually deliberate, the plaintiff must prove that the defendants acted with a purpose to harm. The purpose to harm standard requires the plaintiff to prove that Justin Camara and/or Za Xiong acted with the intent to cause harm for reasons unrelated to legitimate law enforcement objectives, such as arrest, self-defense, or protecting others.

If, instead, the defendants had a reasonable opportunity to deliberate before acting, the plaintiff must prove that the defendants acted with deliberate indifference. A person acts with deliberate indifference if he is aware of a substantial risk of serious harm to the decedent and consciously disregards that risk. If the defendant knew of a danger and chose to ignore it, thereby exposing the decedent to harm, then the defendant acted with deliberate indifference.

Authority: Based on Comment to Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 9.32

**Defendants contest this instruction and offer the alternative**

**FOURTEENTH AMENDMENT – INTERFERENCE WITH PARENT/CHILD RELATIONSHIP**

Parents and children possess a constitutionally protected liberty interest in companionship and society with each other.

The mere existence of a biological link between parent and child is not a sufficient basis to support a Fourteenth Amendment claim for loss of familial relationship rights.[1] A claim for loss of familial relationship rights reflects some assumption of parental responsibility.[2]

In order to succeed on her Fourteenth Amendment Due Process Claim for Interference with Familial Relationship, Plaintiff must establish:[3]

(1) A Sheriff's Department official's conduct "shocked the conscience"[4]; and

(2) She and Decedent had a relationship involving:

    a.  Consistent involvement in Decedent's life[5]

To determine whether an official's conduct "shocked the conscience," the jury must first determine "whether actual deliberation by the officer was 'practical.'"[6] If the jury finds the encounter at issue escalated so quickly that the official had to make a snap judgment, the plaintiff must show the officer acted with a "purpose to

---

[1] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018).

[2] *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016).

[3] *See* Ninth Circuit Jury Instruction No. 9.32.

[4] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

[5] *Wheeler*, 894 F.3d at 1058.

[6] *Scott v. Smith*,109 F.4th at 1215, 1228 (9th Cir. 2024), citing *Porter v. Oborn*, 546 F.3d 1131, 1137 (9th Cir. 2024).

harm."[7]  However, if the situation evolved within a time frame that allowed officers to reflect before acting, the plaintiff must show the officer acted with "deliberate indifference."[8]To determine the official acted with a "purpose to harm," you must find:

A.  The official acted with a purpose to harm;

B.  That purpose to harm was unrelated to a legitimate law enforcement objective.[9]

The deliberate indifference standard as it applies in cases alleging a deprivation of a familial relationship is a subjective standard. To determine the official acted with deliberate indifference, you must find:

A.  The official recognized the unreasonable risk to the Decedent; and

B.  The official actually intended to expose the Decedent to such risks without regard to the consequences to the Decedent.[10]

Authority: Based on Comment to Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 9.32 and caselaw cited

---

[7] *See Porter*, 546 F.3d at 1137.

[8] *Id.*

[9] *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 458 (9th Cir. 2013)

[10] *Herrera v. Los Angeles Unified School District*, 18 F.4th 1156, 1158 (9th Cir. 2021).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**
**BATTERY BY PEACE OFFICER (DEADLY FORCE)**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Justin Camara and/or Za Xiong unnecessarily used deadly force on decedent Anthony Silva. To establish this claim, plaintiff must prove all of the following:

1.    That Justin Camara and/or Za Xiong intentionally touched Anthony Silva or caused Anthony Silva to be touched;

2.    That Justin Camara and/or Za Xiong used deadly force on Anthony Silva;

3.    That Justin Camara and/or Za Xiong's use of deadly force was not necessary to defend human life;

4.    That Anthony Silva was killed; and

5.    That Justin Camara and/or Za Xiong's use of deadly force was a substantial factor in causing Anthony Silva's death.

Justin Camara and/or Za Xiong use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Justin Camara and/or Za Xiong at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Justin Camara, Za Xiong, or another person.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person. A person being arrested/detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force or restraint.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Justin Camara, Za Xiong, and Anthony Silva leading up to the use of deadly force. In determining whether Justin Camara and/or Za Xiong's use of deadly force was necessary in defense of human life, you must consider Justin Camara and/or Za Xiong's tactical conduct and decisions before using deadly force on Anthony Silva and whether Justin Camara and/or Za Xiong used other available resources and techniques as [an] alternative[s] to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Justin Camara and/or Za Xiong knew or had reason to know that the person against whom they used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officers.

Authority: California Civil Jury Instructions (2025), 1305B

Defendants objections:

There is no authority that exists that the force, if any, applied in these circumstances would be legally considered deadly force.   An arm bar, holding of arms or leg sweep cannot be considered deadly force, merely based on the injuries in this case.   This instruction is not justified under the facts of this case.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 3
## NEGLIGENT USE OF DEADLY FORCE BY A PEACE OFFICER

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Justin Camara and/or Za Xiong were negligent in using deadly force to arrest decedent Anthony Silva. To establish this claim, plaintiff must prove all of the following:

1. That Justin Camara and/or Za Xiong were peace officers;
2. That Justin Camara and/or Za Xiong used deadly force on Anthony Silva;
3. That Justin Camara and/or Za Xiong's use of deadly force was not necessary to defend human life;
4. That Anthony Silva was killed; and
5. That Justin Camara and/or Za Xiong's use of deadly force was a substantial factor in causing Anthony Silva's death.

Justin Camara and/or Za Xiong's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Justin Camara and/or Za Xiong at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Justin Camara, Za Xiong, or another person.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person. A person being arrested has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force or restraint.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Justin Camara, Za Xiong, and Anthony Silva leading up to the use of deadly force. In determining whether Justin Camara and/or Za Xiong use of deadly force was necessary in defense of human life, you must consider Justin Camara and/or Za Xiong's tactical conduct and decisions before using deadly force on Anthony Silva and whether Justin Camara and/or Za Xiong used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

<u>Authority</u>: California Civil Jury Instructions (2025), 441

<u>Defendants Objections:</u>

There is no authority that exists that the force, if any, applied in these circumstances would be legally considered deadly force.   An arm bar, holding of arms or leg sweep cannot be considered deadly force, merely based on the injuries in this case.   This instruction is not justified under the facts of this case.

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

2

**INTEGRAL PARTICIPATION – FEDERAL CLAIMS**

3

A police officer could be held liable under Section 1983 even if he did not

4

personally commit the constitutional violation. Peace officers can be held liable if

5

they do any of the following

6

      1.      Directly participate in the deprivation of another's constitutional

7

rights; or

8

      2.      Set in motion a series of acts by others which the actor knows or

9

reasonably should know would cause others to suffer constitutional violations.

10

11

     <u>Authority</u>: Based on Comment of Model Civil Jury Instructions for The

12

District Courts of the Ninth Circuit (2023), 9.2

13

<u>Defendants objections:</u>

14

15

The instruction misstates the comments in 9.2. The requisite causation can

16

be established either "'by some kind of direct personal participation in the

17

deprivation' or 'by setting in motion a series of acts by others which the actor

18

knows or reasonably should know would cause others to inflict the constitutional

19

injury.'" *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) "The inquiry

20

into causation must be individualized and focus on the duties and responsibilities

21

of each individual defendant whose acts or omissions are alleged to have caused a

22

constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see*

23

*also Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) ("[Plaintiff] must show

24

that each defendant personally played a role in violating the Constitution. An

25

official is liable under § 1983 only if 'culpable action, or inaction, is directly

26

attributed to them.'"

27

28

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm. If you find that Justin Camara and/or Za Xiong's conduct was a substantial factor in causing Anthony Silva's harm, then Justin Camara and/or Za Xiong are responsible for the harm. Justin Camara and/or Za Xiong cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Anthony Silva's harm.

Authority: California Civil Jury Instructions (2025), 431(modified).

Defendants' objections

The instruction originally reads "A person's negligence…" so is confusing as how this applies. Federal law does not use this definition. This instruction is contrary to the immunity provided in California Gov. Code, § 820.8 [public employees not liable for injury caused by another].

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 6
## VICARIOUS LIABILITY

In this case Justin Camara and Za Xiong were the employees of the County of Stanislaus. If you find that Justin Camara and/or Za Xiong were acting within the scope of their employment when the incident occurred, then the County of Stanislaus is responsible for any harm caused by their negligence or battery.

Authority: CACI 3703. Legal Relationship Not Disputed

Defendants objections:

This instruction is not necessary. Vicarious liability is imposed by statute California Government Code section 815.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of her claims, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff or decedent for any injury you find was caused by the defendants.

There are two categories of damages in this case. The first are the damages Anthony Silva sustained as a result defendants wrongful conduct. The second are the damages his mother, Plaintiff Dorothey Heimbach, sustained as a result of the death of Anthony Silva.

You should consider the following as to the Anthony Silva's damages:

1.  The nature and extent of the injuries;

2.  The loss of enjoyment of life experienced; and

3.  The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the wrongful death damages for Plaintiff:

1.  The loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1      Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2;

2 CACI 3921

3

4 Defendants' Objections

5 The wrongful death portion is incomplete from CACI 3921

6      Defendants suggest:

7      You should consider the following as to the wrongful death damages for

8 Plaintiff:

9         The loss of the decedent's love, companionship, comfort, care, assistance,

10         protection, affection, society, and moral support.

11 In determining Dorothy Heimbach's loss, do not consider:

12      1. Dorothy Heimbach's grief, sorrow, or mental anguish;

13      2. Anthony Silva's pain and suffering; or

14      3. The poverty or wealth of Dorothy Heimbach.

15 In deciding a person's life expectancy, you may consider, among other factors, the

16 average life expectancy of a person of that age, as well as that person's health,

17 habits, activities, lifestyle, and occupation.

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 8
## SUBSEQUENT MEDICAL TREATMENT OR AID

If you decide that Justin Camara and/or Za Xiong is legally responsible for Anthony Silva's harm, they are also responsible for any additional harm resulting from the acts of others in providing medical treatment or other aid that Anthony Silva's injury reasonably required, even if those acts were negligently performed.

Authority: CACI No. 3929.

Defendants Objections:

This instruction is contrary to the immunity provided in California Gov. Code, § 820.8 [public employees not liable for injury caused by another]. It is also contrary to causation instruction, and would cause confusion as to which claims it applies (only negligence?).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Anthony Silva for all damages caused by the wrongful conduct of Justin Camara and/or Za Xiong, even if Anthony Silva was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Authority: CACI No. 3928.

Defendants objections:

Decedent has not claimed any pre-existing injury or condition that made him more susceptible to injury. This instruction does not apply

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1
### BIAS

Each one of us has biases about or certain perceptions or stereotypes of other people. Bias is a tendency to favor or disfavor a person or group of people. We may be aware of some of our biases, though we may not reveal them to others. We may not be fully aware of some of our other biases. We refer to biases that we are not fully aware of as "implicit" or "unconscious." They may be based on stereotypes we would reject if they were brought to our attention. Implicit or unconscious biases can affect how we perceive others and how we make decisions, without our being aware of the effect of these biases on those decisions.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, and whom we believe or disbelieve. We may favor or be more likely to believe people whom we see as similar to us or with whom we identify. Or we may disfavor or be less likely to believe people whom we see as different from us.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against parties or witnesses because of their race, national origin, ethnicity, disability, gender, gender identity, gender expression, religion, sexual orientation, age, socioeconomic status, or the type of job they chose to engage in.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

<u>Authority:</u>    Judicial Council of California Civil Jury Instructions No. 113 (2025).

1  <u>Plaintiff's Objection</u>: Bias is already addressed in the model instruction regarding

2  credibility; this instruction is unnecessary. However, should the Court prefer to

3  give this instruction, Plaintiff's have no objection.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

<u>Authority</u>: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2025), 1.19.

<u>Plaintiff's Objection</u>: Plaintiff does not believe this instruction is necessary. However, should the Court prefer to give this instruction, Plaintiff's have no objection.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3**

**Affirmative Defense—Causation: Third-Party Conduct as Superseding Cause**

Defendants claims that they are not responsible for either decedent or plaintiff's harm as to their negligence claims because of the later misconduct of decedent's medical providers. To avoid legal responsibility for the harm, defendant must prove all of the following:

1. That medical providers' conduct occurred after the conduct of the Defendants;

2. That a reasonable person would consider name of medical providers' conduct a highly unusual or an extraordinary response to the situation;

3. That Defendants did not know and had no reason to expect that the medical providers would act in a negligent/wrongful manner; and

4. That the kind of harm resulting from the medical providers' conduct was different from the kind of harm that could have been reasonably expected from Defendant's conduct.


Authority: CACI 432. " 'A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.' If the cause is superseding, it relieves the actor from liability whether or not that person's negligence was a substantial factor in bringing about the harm." *Brewer v. Teano* (1995) 40 Cal.App.4th 1024, 1031


Plaintiff's Objection: Plaintiff objects to this instruction on the ground that Defendants have failed to present sufficient evidence to warrant submitting this defense to the jury, as a superseding cause instruction is appropriate only where there is substantial evidence from which a jury could find that each element has

been satisfied. Moreover, it is well established that subsequent medical treatment—including negligent medical treatment—is a foreseeable consequence of tortiously inflicted injuries and does not constitute a superseding cause as a matter of law. Defendants' own conduct necessitated any medical treatment Decedent received, and a tortfeasor cannot escape liability by pointing to the very medical care their misconduct made necessary. Plaintiff reserves the right to move for judgment as a matter of law on this defense at the close of evidence should Defendants fail to adduce sufficient evidence to support its submission.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4 STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT**

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard [previously read to you] – namely, where from the perspective of a reasonable police officer, the defendant officer's use of force is objectively reasonable under the totality of the circumstances – that officer's seizure/use of force is also reasonable under California law, including California law claims for battery/excessive force, assault, negligence, and/or wrongful death.

Authority

SPECIAL: *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996); *Lopez v. City of Los Angeles*, 196 Cal.App.4th 675, 690-692 (2011); *see also* Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. County of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI no. 1300, 1301.

Plaintiff's Objections: Plaintiff objects to this instruction as a misstatement of California law. The authority cited by Defendants—*Hayes v. County of San Diego*, 57 Cal.4th 622 (2013)—actually establishes the opposite proposition: California negligence law is broader than the Fourth Amendment standard and imposes additional duties on peace officers. A finding of Fourth Amendment reasonableness does not dispositively resolve California negligence claims, which

64

1    permit the jury to consider the totality of the officer's conduct—including tactical

2    decisions and conduct that unreasonably created the need to use deadly force.

3    *Hayes*, 57 Cal. 4th at 697. Instructing the jury that Fourth Amendment

4    reasonableness automatically satisfies California law would improperly collapse

5    the distinct state-law analysis and deprive Plaintiff of the broader protections

6    afforded under California negligence principles. This instruction should be refused.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5
### COMPARATIVE FAULT OF DECEDENT

For any negligence claim: Defendants claim that Plaintiff and/or decedent's injury was caused in whole or in part by decedent's own negligence, carelessness or recklessness.

To success on this claim, Defendants must prove both of the following:

1.    That decedent was negligent; and,

2.    That decedent 's negligence as a substantial factor in causing his harm.

If Defendants prove the above, Plaintiff and/or decedent's damages are reduced by your determination of the percentage of decedent's responsibility. I will calculate the actual reduction.

_____    Given

_____    Given as Modified

_____    Refused

_____    Withdrawn


_____
                                  District Court Judge

Authority

CACI 407; "[I]n wrongful death actions, the fault of the decedent is attributable to the surviving heirs whose recovery must be offset by the same percentage. [Citation.]" (*Atkins v. Strayhorn* (1990) 223 Cal.App.3d 1380, 1395 [273 Cal.Rptr. 231].)


Plaintiff's Objections: Plaintiff objects to this instruction as written because it is misleading and fails to distinguish between comparative fault and mitigation of damages. Comparative fault applies only to negligence that was a substantial factor

in causing the initial injury—here, the breaking of Mr. Silva's neck during the incident. To the extent Defendants seek to attribute fault to Mr. Silva for any conduct occurring after the initial injury was inflicted, such argument sounds in mitigation of damages, not comparative fault, and is governed by a different legal standard. This instruction, as proposed, improperly conflates these two distinct doctrines and could mislead the jury into reducing Plaintiff's recovery based on post-injury conduct that has no bearing on the comparative fault analysis. If this instruction is given, it must be modified to make clear that the jury is to consider only whether Mr. Silva's negligence was a substantial factor in causing the initial injury itself, and not any conduct occurring thereafter.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

## SELF DEFENSE/DEFENSE OF OTHERS

Defendants Camara and/or Xiong claims that each of them is not responsible for decedent's harm because he was acting self-defense and defense of another. To succeed, Defendants Camara and/or Xiong must prove both of the following:

1.     That Defendants Camara and/or Xiong reasonably believed that decedent was going to harm him or others; and,

2.     That Defendants Camara and/or Xiong used only the amount of force that was reasonably necessary to protect himself and others.

\_\_\_\_\_    Given

\_\_\_\_\_    Given as Modified

\_\_\_\_\_    Refused

\_\_\_\_\_    Withdrawn

_____
District Court Judge

Authority

CACI 1304, SELF-DEFENSE/DEFENSE OF OTHERS; Civil Code § 50; Calvillo-Silva v. Home Grocery (1998) 19 Cal.4th 714, 730-731.

Plaintiff's Objections: Plaintiff objects to this instruction as duplicative and unduly prejudicial. The question of whether Defendants reasonably believed decedent posed a threat and used only reasonably necessary force is already fully addressed in the jury instructions governing excessive force and objective reasonableness under the Fourth Amendment and California law. Providing a separate, stand-alone self-defense instruction improperly highlights a single aspect of the reasonableness analysis, giving it undue weight and tilting the scales in Defendants' favor. The instruction is cumulative and should be refused.

**DEFENDANTS PROPOSED INSTRUCTION NO. 7**

**MITIGATION OF DAMAGES (PERSONAL INJURY)**

If you decide decedent is responsible for the original harm, Plaintiff and/or decedent is not entitled to recover damages for harm that a defendant proves decedent could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of decedent's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk or hardship.

Authority: CACI No. 3930.

Plaintiff's Objections: Plaintiff objects to this instruction on the ground that Defendants have failed to present sufficient evidence to warrant submitting this defense to the jury. A mitigation of damages instruction is appropriate only where there is substantial evidence from which a jury could find that decedent could have avoided some portion of his harm through reasonable efforts or expenditures. Based on the evidence expected to be presented at trial, Defendants will not be able to establish that Mr. Silva could have mitigated his damages in any meaningful way following the catastrophic spinal cord injury inflicted upon him. Plaintiff reserves the right to move for judgment as a matter of law on this defense at the close of evidence should Defendants fail to adduce sufficient evidence to support its submission.