LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY HEIMBACH, individual and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG,<br><br>Defendants. | Case No. 2:23-cv-01887-DJC-CSK<br><br>Assigned to:<br>Hon. District Judge Daniel J. Calabretta<br>Honorable Mag. Judge Chi Soo Kim<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE INFORMATION OF ALLEGED DRUG USE BY ANTHONY SILVA**<br><br>Hearing: December 18, 2025, 1:30 p.m.<br>Courtroom:   10<br>Trial Date:    January 5, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 18, 2025, at 1:30 p.m., in Courtroom 10 of the United States District Court for the Eastern District of California, Plaintiff Dorothy Heimbach will and does hereby move to exclude any evidence, testimony, argument, or reference at trial to information of alleged drug use by Decedent Anthony Silva, including: (1) evidence regarding drug and/or alcohol use by Mr. Silva on the date of the incident; and (2) evidence regarding drug and/or alcohol use by Mr. Silva prior to the date of the incident. Plaintiff makes this Motion under the following independent and sufficient reasons: (1) such evidence is irrelevant under Rule 401 and 402; (2) it should be excluded under Rule 403 as unduly prejudicial; (3) is improper character evidence under Rule 404; and (4) as to any reports or medical records containing this information, it is inadmissible hearsay under Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

Respectfully submitted,

DATED: December 11, 2025        LAW OFFICES OF DALE K. GALIPO

                                By        */s/ Cooper Alison-Mayne*
                                    Dale K. Galipo
                                    Cooper Alison-Mayne
                                    *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by Stanislaus County Sheriff's Department deputies Justin Camara and Za Xiong against Anthony Silva on October 8, 2022. The primary issue in this case is whether the Defendant Deputies use of force against Mr. Silva was excessive and unreasonable under the circumstances known to them at the time of the use of force. Thus, information of which Deputies Camara and Xiong were unaware at the time of the uses of force is generally irrelevant and should be excluded by way of this motion.

By way of this motion *in limine*, Plaintiff moves to exclude any evidence, testimony, argument, or reference at trial to the following information: (1) any evidence regarding drug use by Mr. Silva on the date of the incident; and (2) any evidence regarding a history of drug use by Mr. Silva prior to the date of the incident.

Plaintiff makes this Motion under the following independent and sufficient reasons. First, this information should be excluded because it was unknown to deputies Camara and Xiong at the time of the incident and is irrelevant to whether the shooting was excessive and unreasonable. *See* Federal Rules of Evidence ("FRE") 401, 402. Second, this evidence should also be excluded under FRE 403 because it has little or no probative value but is highly prejudicial to Plaintiff. Third, this evidence is also improper character evidence and should be excluded under FRE 404. Finally, any reports referencing this information, such as medical records, police reports, or felony complaints, should be excluded as hearsay for which there is no exception. *See* FRE 802.

## II. EVIDENCE THAT ANTHONY SILVA WAS UNDER THE INFLUENCE AT THE TIME OF THE INCIDENT SHOULD BE EXCLUDED

First, Plaintiff anticipates that Defendants will seek to introduce evidence that Mr. Silva was under the influence of methamphetamine at the time of the incident. Any such evidence should be excluded because it is information unknown to Camara and Xiong at the time of the incident and is therefore irrelevant, is unduly prejudicial, is impermissible character evidence, and is hearsay without exception.

### a. Information That Anthony Silva Was Under the Influence At the Time of the Incident That Was Not Known to Camara and Xiong Should Be Excluded As Irrelevant

Under FRE 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Moreover, as the Ninth Circuit has explained, in cases challenging excessive force by police, "evidence of [a person]'s drug use . . . has marginal, if any, probative value as to damages, and none as to liability." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted "under the guise of impeaching [a mother's] testimony that she loved her son"); *see Watson v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of plaintiff's "intoxication" at time of incident "would be impermissible" as information unknown to officers at time of incident) (citations omitted). Such evidence is irrelevant and cannot be considered by the jury.

Plaintiff anticipates that Defendants will seek to introduce evidence that Deputies Camara and Xiong were unaware of at the time of the incident, including evidence of a baggie allegedly containing methamphetamine found on Mr. Silva's person, and a post-incident toxicology report.

While the call Deputies Camara and Xiong were responding to was a suspected public intoxication call, Camara and Xiong had not observed Mr. Silva use any substance. Even though Deputies Camara and Xiong found a baggie containing some substance on Mr. Silva's person before the takedown, they did not know what the substance was and had no information as to whether Mr. Silva had ingested any of it. Because Deputies Camara and Xiong lacked this information, it cannot be relevant to their decision to use force against Mr. Silva, and whether that use of force was reasonable.

It is equally apparent that Defendants could not have been aware of Mr. Silva's post-incident toxicology report that identified the presence of drugs in Mr. Silva's body at the time they used force against Mr. Silva. Notably, Defendants do not designate the toxicology report on their exhibit list and did not produce it during discovery. Further, the urine test, which is only referenced vaguely in other medical reports, merely indicates a "positive" result for methamphetamine.

Methamphetamine can remain detectable for several days or even weeks after use. Without quantitative data, the test result says virtually nothing about whether Mr. Silva was under the influence at the time of the incident. Thus, the "positive" result provides no information as to whether Mr. Silva was under the influence of methamphetamine at the time of the takedown.

This incident was captured on video from multiple different sources, at multiple different angles, which will allow the jury to view the conduct the officers alleged to be erratic and associated with drug use and decide for themselves as to whether the officers correctly perceived Mr. Silva to be resisting or a threat to the officers at the time of the use of force. Thus, evidence that Mr. Silva was under the influence at the time of the incident, including the bag of methamphetamine and references to the post-incident toxicology report, has no likelihood of proving any material facts relevant to Plaintiff's claims. As such, the foregoing evidence is not relevant and should be excluded, as it would not make any fact of consequence in determining this action more or less probable. Fed. R. Evid. 401.

### b. This Evidence Should Further Be Excluded as Unduly Prejudicial Under Rule 403

Evidence that Mr. Silva was under the influence at the time of the incident should be excluded under FRE 403 because it is unfairly prejudicial, confusing, and would waste time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

   Evidence of drug use is unduly prejudicial because it has significant potential to unjustly inflame a jury's passions and prejudices against Mr. Silva. *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (excluding evidence of prior drug use as information unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *Id*. at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants).

   Evidence that Mr. Silva was under the influence of drugs during the incident, including the plastic bag and post-incident toxicology report, is highly likely to prejudice Plaintiff and mislead the jury about the issues to be tried in this case. Refuting the inferences that Defendants may attempt to raise regarding Mr. Silva's use of drugs or alcohol will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute in this case, which will unduly consume this Court's and the jury's time.

Because the foregoing evidence is unduly prejudicial to Plaintiff in addition to being irrelevant, it should also be excluded under FRE 403.

### c. This Evidence Should Further Be Excluded As Impermissible Character Evidence Under Rule 404

Under FRE 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to show that Mr. Silva acted in conformity with some general poor character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to any claim or defense to be tried in this case. For example, testimony or evidence regarding information gathered after the incident relating to any drug use pose a danger that the jury will (1) improperly infer that the Deputies Camara and Xiong knew this information, (2) improperly infer that Mr. Silva had the propensity to engage in criminal or inappropriate conduct, including toward Deputies Camara and Xiong on the date of the subject incident, and (3) reach a verdict that does not reflect the circumstances Deputies Camara and Xiong faced during the incident.

Plaintiff anticipates that Defendants may seek to use evidence of drug use as evidence of a propensity for criminal or inappropriate conduct and violence. "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of this information would serve little purpose other than to tarnish Mr. Silva's character and pollute the jury against him and Plaintiff. *See* Adv. Comm. Notes, Fed. R. Evid. 405

(stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Since any drug related evidence in this case would require an inference as to Mr. Silva's character to make it relevant, this evidence should further be excluded under FRE 404.

### d. This Evidence Should Also Be Excluded As Hearsay Under Rules 801 And 802

Finally, the Court should also exclude any reports containing the aforementioned information as inadmissible hearsay without any exception under FRE 801, 802, and 805. This includes the toxicology report purporting the presence of drugs in Mr. Silva on the date of the incident, any felony complaints, copies of the disciplinary write-ups, and any police reports containing this information. As noted above, the only evidence that Defendants can allude to that Mr. Silva was indeed under the influence at the time of the incident is the post-incident toxicology report which identified the presence of drugs in Mr. Silva. However, as discussed, Defendants failed to produce the toxicology report during discovery. Nevertheless, even if one was produced, it would be hearsay without testimony as to the quantitative data and validity of the results, and Defendants have no such witness on their witness list and have identified no such witness in any of their disclosures. Further, because the foregoing evidence constitutes information that was unknown to Defendants during the incident, Defendants cannot testify to this information based on personal knowledge. *See* Fed. R. Evid. 602. Thus, the foregoing evidence should be excluded as hearsay without any exception.

### III. EVIDENCE THAT ANHONY SILVA HAD A HISTORY OF DRUG USE SHOULD BE EXCLUDED

Second, Plaintiff anticipates that Defendants will attempt to introduce evidence that Mr. Silva had a history of drug use, including officer testimony and portions of post-incident medical records. Any evidence or argument related to Mr. Silva's history of drug use should be excluded because it is irrelevant, unduly

prejudicial, impermissible character evidence, and hearsay.

### a. Evidence of Mr. Silva's History of Drug Use Should Be Excluded Irrelevant and Unduly Prejudicial Under Rules 401 and 403

Evidence that Mr. Silva had a history of drug use is irrelevant under FRE 401. The key issue in this case is whether Deputies Camara and Xiong's use of force was objectively reasonable under the circumstances. Whatever probative value Defendants may argue Mr. Silva's history of drug use has is marginal. *See Estate of Diaz*, 840 F.3d at 603. What matters in this case is the circumstances at the time of the takedown, not whatever conduct Mr. Silva may have engaged in on prior dates.

Even if information about Mr. Silva's history of drug use is relevant, it is unduly prejudicial. There would again be a substantial risk of an additional mini-trial regarding his history of drug use. This evidence will further confuse the jury as to what the issues are and mislead the jury in making a finding based on irrelevant collateral issues. Further, evidence of a history of drug use serves no purpose other than to unjustly inflame a jury's passions and prejudices against Mr. Silva. This inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of Mr. Silva's history of drug use as a reason justifying the use of force against him or limiting Plaintiff's damages on an improper basis. Mr. Silva is not on trial and Defendants' attempt to alter the focus of the jury's deliberation on information unknown to the involved officers during the incident, instead of on the reasonableness of the deputies' actions, should not be permitted. As such, this evidence should be excluded.

### b. Evidence of Mr. Silvia's History of Drug Use is Impermissible Character Evidence Under Rule 404

Plaintiff anticipates Defendants may seek to use evidence of a history of drug use as evidence of a propensity to use drugs. Defendants will try to argue that because Mr. Silvia had used drugs in the past, he must have been under the influence in this case. However, as discussed, such "corroborating" evidence is propensity

evidence. Admission of this information serves little purpose other than to inflame the jury's prejudice and lead them to make an improper conclusion that Mr. Silva was under the influence, absent any other evidence, due to the fact that he used drugs in the past. Any such argument is inappropriate under FRE 404, and therefore must be excluded.

### c. Evidence of Mr. Silva's History of Drug Use is Inadmissible Hearsay Under Rules 801 and 802

Plaintiff further anticipates that Defendants will rely on inadmissible hearsay within hearsay as evidence of Mr. Silva's history of drug use. This includes portions of the medical records referencing a history of drug use. These medical records are vague, the source of information therein is unclear, and Defendants have not identified any witness with personal knowledge to substantiate these records. (*See* Exh. "A".) In addition, Defendants could have subpoenaed records that might have substantiated their claims, but chose not to.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any evidence or argument regarding information related to drug use by Mr. Silvia as specifically set forth above.

Dated: December 11, 2025                LAW OFFICES OF DALE K. GALIPO

                                        By:     */s/ Cooper Alison-Mayne*
                                        Dale K. Galipo
                                        Cooper Alison-Mayne
                                        Attorneys for Plaintiff