**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Dorothey Heimbach*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG,<br><br>　　　　　Defendants. | 2:23-cv-01887-DJC-CSK<br><br>*Assigned to:*<br>District Judge Daniel J. Calabretta<br><br>**PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE REFERENCES TO CRIMINAL HISTORY AND PRIOR BAD ACTS**<br><br>FPTC Date:　December 18, 2025<br>Time:　　　1:30 PM<br>Location:　Courtroom 7 |

1

1

2  PLEASE TAKE NOTICE that on December 18, 2025, in Courtroom 7 of the
3  United States District Court for the Eastern District of California, at 501 I Street,
4  Sacramento, CA  95814, Plaintiff, DOROTHEY HEIMBACH, hereby moves in
5  limine for an order excluding evidence of prior criminal acts or prior bad acts of
6  Anthony Silva. This Motion is based on this Notice of Motion, the attached
7  Memorandum of Points and Authorities, the records and files of this Court, and
8  upon such other oral and documentary evidence as may be presented at the time of
9  the hearing.

10

11  Dated: December 11, 2025            **LAW OFFICES OF DALE K. GALIPO**

12

13                              By:   */s/   Cooper Alison-Mayne*
                                    Dale K. Galipo
14                                  Cooper Alison-Mayne
15                                  *Attorneys for Plaintiff Dorothey Heimbach*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises from the death of Anthony Silva following his arrest by Stanislaus County Sheriff's Deputies Justin Camara and Za Xiong on October 10, 2022. During the arrest, Deputies Camara and Xiong used force that fractured Mr. Silva's cervical spine, rendering him a quadriplegic. Mr. Silva died eleven months later from complications of that injury.

Plaintiff anticipates that Defendants will attempt to introduce evidence of Mr. Silva's criminal history for the purpose of prejudicing the jury. Such evidence is irrelevant to whether Defendants' use of force was objectively reasonable, unfairly prejudicial, and constitutes improper character evidence. Accordingly, it should be excluded.

## II. ARGUMENT

Use of force must be evaluated solely from the perspective of what the officer knew at the moment force was used. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Courts "cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).

Relevant evidence is only that "evidence having [a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

To the extent Defendants were unaware of any aspect of Mr. Silva's criminal history at the time of the incident, that evidence is irrelevant to whether their use of force was objectively reasonable.

Even if any probative value exists, it is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. "Unfair prejudice" means "undue

1  tendency to suggest decision on an improper basis, commonly, though not
2  necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th
3  Cir. 2000).

4  There is a substantial danger that the jury might incorrectly assume that
5  because Mr. Silva had a criminal record, the force used against him was justified—
6  or that his life was worth less. Admission of this evidence risks "turning the trial of
7  the defendants into a trial of the plaintiff." *Wilson v. City of Chicago*, 6 F.3d 1233
8  (7th Cir. 1993). The central question in this case is whether Defendants' conduct
9  was reasonable, not whether Mr. Silva was a good person.

10  "Evidence of a person's character or character trait is not admissible to
11  prove that on a particular occasion the person acted in accordance with the
12  character or trait." Fed. R. Evid. 404(a)(1). Introduction of Mr. Silva's criminal
13  record would invite the jury to draw an improper inference—that because Mr.
14  Silva engaged in bad conduct on other occasions, Defendants were justified in
15  using force against him. This is precisely the type of character-based reasoning
16  Rule 404 prohibits.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant this motion and exclude all evidence, testimony, argument, or reference to Mr. Silva's criminal record and prior bad acts.

Dated: December 11, 2025           **LAW OFFICES OF DALE K. GALIPO**

By:   /s/   *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff Dorothey Heimbach*