**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>  Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>  Defendants.<br>_____/ | Case No. 2:23-cv-01887-DJC-CSK<br><br>**DEFENDANTS' TRIAL BRIEF**<br><br>Trial Date: January 5, 2026 |

Defendants COUNTY OF STANISLAUS, JUSTIN CAMARA, and ZA XIONG hereby submit the following Trial Brief.

## I.   SHORT STATEMENT OF FACTS

On October 8, 2022, Deputies Camara and Xiong were assigned to uniformed bicycle patrol for the Riverbank wine and cheese event. Mounted Units Deputies Bret Babbit and Lauren Romero observed a subject (later identified as Anthony Silva) chasing after another subject with the apparent intent to incite a fight and possibly under the influence. Reporting this over the radio, Deputies Camara and Xiong respond. Deputy Camara orders Silva to turn around and place his hands behind his back.

Mr. Silva does not immediately comply; Deputy Camera grabs his wrist, turns him around and effected a take down without incident or injury, and is placed into handcuffs. Deputy Camera states Mr. Silva is now under arrest.

Mr. Silva is walked/escorted to a covered pavilion for a further search pursuant to arrest and processing. Deputy Bavaro arrives to assist. Deputies find plastic baggies of methamphetamine. Preparing for transport to jail, Deputy Xiong stands Mr. Silva up, says "Let's go" and they barely take two steps when Mr. Silva turns around and says, "where's my cash" and resists being pulled southward. Mr. Silva says aggressively "give my fucking hands back" and Deputy Xiong grabs his right arm. As Deputy Camara moves in for his left arm, Mr. Silva lowers his left shoulder and rams into Deputy Camara, committing a felony assault.

Deputies Camera and Xiong appear to slightly raise Mr. Silva's arms up but then Silva crouches, then stands. Deputy Xiong tries to execute a leg sweep but ends up falling with Mr. Silva, who hits his head on the concrete. From the moment Silva says "give my fucking hands back" to when he hit his head, only 5 seconds elapsed. Mr. Silva says he is paralyzed. Deputies move Mr. Silva to sit at a table, getting him off the hot cement. An ambulance was called. Sgt. Hickman arrives to monitor.

## II. SUMMARY OF POINTS OF LAW

**1. Excessive Force**

Claims of excessive force are analyzed under an objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). This inquiry requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). In assessing the governmental interest in the use of force, courts consider a non-exhaustive list of factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. See also Ninth Circuit Model Instructions 9.25

Defendants contend they did not use excessive force in either detaining Anthony Silva or in the "take down".

/ / /

**2. Right to Familial Association under the Fourteenth Amendments**

"[P]arents have a Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). The Ninth Circuit has recognized a similar right under the First Amendment. *Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001). Courts assess both types of familial association claims using the same substantive legal standards. *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017). Officers violate a family member's right to familial association when their conduct "shocks the conscience." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). When officers have an opportunity to deliberate, their conduct shocks the conscience when they act with deliberate indifference. *Wilkinson*, 610 F.3d at 554. Proof of deliberate indifference requires a "showing that the officer 'disregarded a known or obvious consequence of his action.'" *Nicholson v. City of Los Angeles*, 935 F.3d 685, 693 (9th Cir. 2019) (quoting *Patel v. Kent Sch. Dist*. 648 F.3d 965, 974 (9th Cir. 2011)). When an officer, however, must make "a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson*, 610 F.3d at 554. Typically, "meritorious purpose to harm claims will involve evidence of ulterior motive or bad intent separate and apart from evidence of an unreasonable use of force." *Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019).

Defendants contend the rapidly evolving circumstances requires the purpose to harm standard, and deny their respective conduct shocks the conscience under either standard.

**3. Qualified Immunity for federal claims**

Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects `all but the plainly incompetent or those who knowingly violate the law.' *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1985). Whether a right is clearly established turns on whether it is "sufficiently definite that any reasonable official in the defendant's shoes would have understood he was violating it." Nicholson v. City of Los Angeles, 935 F.3d 685, 695 (9th Cir. 2019).The plaintiff bears the burden of showing that the rights allegedly violated were clearly established. *Id*. at 1118. Generally, a plaintiff need not find a case directly on point, but existing

precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft*, 563 U.S. at 741. Qualified immunity is a question of law, not a question of fact. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1210 (9thCir. 2008).  Defendants contend qualified immunity applies.

**4.     State law claims[1]**

   **a.        Battery**

Battery claims are the state counterpart to federal civil rights claims for excessive force; in both the Plaintiff must prove the unreasonableness of the officer's conduct. (*Susa v. City of Lake Forest* (2002) 94 Ca1.App.4th 1401, 1412-13.) Civil assault is generally defined as the unlawful attempt, coupled with the present ability, to commit violent injury on the person of another. (*Kisekv v. Carpenter's Trust* (1983) 144 Ca1.App.3d 222.) As against law enforcement, the standard for proving an assault/battery under California tort law as it is under § 1983 actions. (See *Edson v. City of Anaheim* (1998) 63 Ca1.App.4th 1269, 1274-75).

   **b. Negligence/Wrongful Death**

"To prove negligence, 'a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.'" *L.F. by & through Brown v. City of Stockton*, No. 2:17-cv-01648-KJM-DB, 2020 WL 4043017, at *24 (E.D. Cal. July 17, 2020) "[D]uty is a critical element of negligence liability." *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629 (2013). The California Supreme Court has long recognized that peace officers have a duty to act reasonably when using force. *Id*. To determine reasonableness, California negligence law, like the Fourth Amendment's reasonableness test, requires a consideration of the totality of the circumstances surrounding any use of force. *L.F.*, 2020 WL 4043017, at *24 (citing *Hayes*, 57 Cal. 4th at 629).

**7. Damages**

The basic purpose of a § 1983 damage award should be to compensate persons for injuries caused by deprivation of their constitutional rights. *Farrar v. Hobby*, 506 U.S. 103 (1992). Compensatory

---

[1] Defendants note that in coordinating Joint Jury Instructions, Plaintiff did not include an instruction on the Bane Act.  Thus, Defendants did not.  Likewise, Plaintiff did not include a Bane Act on its verdict form, and thus, Defendants have not.  Plaintiff's Trial brief did not address it as well.   Accordingly, by these multiple omissions, Defendants submit Plaintiff has abandoned this claim. In reliance thereon, Defendants have therefore not included in this brief a section on the Bane Act.

damages may only be awarded for violation of § 1983 based on proof of an actual injury. Id. Compensatory damages are in regard to state law claims are those damages as will compensate the injured party for injuries sustained, under California law, making good or replacing the loss caused by the injury. *Berg v. First State Ins. Co*., 915 F.2d 460 (9th Cir. 1990).

Regardless of the nature of number of legal theories advanced by a plaintiff, a plaintiff is not entitled to more than a single recovery for each item of potentially compensable damages. See *Tavaglione v. Billings*, 4 Cal.4th 1150 (1993).

**8. Affirmative defenses**

**a. Decedent had a duty to exercise due care and is guilty of comparative negligence**

Penal Code section 834a imposes a generalized duty to not resist arrest: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest." "In all actions for negligence resulting in injury to person or property,…damages awarded shall be diminished in proportion to the amount of negligence attributable to the person

**b. Defense of self or others**

Penal Code section 834a imposes a generalized duty to not resist arrest: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest." Defendants only used the amount of force that was reasonably necessary to protect themselves or others. (See Civ. Code, § 50; CACI 1304; *Calvillo-Silva v. Home Grocery* (1998) 19 Cal.4th 714, 730-31.)

**c. Immunities**

Gov. Code, § 820.2 [a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused]; Gov. Code, § 820.4 [a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law].) Gov. Code § 820.8 [a public employee is not liable for acts of others.)

**d.    Failure to mitigate damages**

Any failure to mitigate goes to the amount of damages owed.  See e.g. *Resolution Trust Corp. v. BVS Development, Inc.*, 42 F. 3d 1206 (9th Cir. 1994); *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal.App.4th 1559, 1568, 54 Cal. Rptr.2d 468 (1996) ("A plaintiff has a duty to mitigate damages and cannot recover losses [he] could have avoided through reasonable efforts.").

Respectfully submitted,

Dated:  December 11, 2025

PORTER SCOTT
A PROFESSIONAL CORPORATION

By   /s/ John R. Whitefleet
        John R. Whitefleet
        Attorney for Defendants