**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>                    Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>                    Defendants.<br>_____/ | Case No.  2:23-cv-01887-DJC-CSK<br><br>**DEFENDANTS' MOTIONS IN LIMINE** |

Defendants hereby submits the following Motions in Limine

## I.      INTRODUCTION

This case arises from the October 8, 2022, encounter between Anthony Silva by Stanislaus County Sheriff's Deputies Justin Camara and Za Xiong, during which Plaintiff alleges that Mr. Silva sustained a cervical spine fracture that rendered him quadriplegic. He died approximately eleven months later, on September 10, 2023.

The remaining claims are excessive force as a violation of the Fourth Amendment, familial association as a violation the Fourteenth Amendments and state law claims for battery and negligence. The Monell claims have been dismissed.   Trial is set for January 5, 2026.

## II.    STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has broad discretion to determine the admissibility of evidence. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)).

## III.    MOTIONS IN LIMINE

**Motion in Limine No. 1**

**A.    Defendants move to prevent introduction of certain testimony from Scott  Defoe, who was disclosed as a retained expert by Plaintiffs in police practices under FRE 702. (Exhibit A to JRW Dec.)**

> **i.    Mr. DeFoe's opinion that deputies "failed" to determine a mental illness or crises should not be admitted**

In his report, Mr. DeFoe opines that deputies "failed to initially determine that Mr. Alejandro Sanchez was mentally ill, experiencing a mental crisis, and act accordingly." (p.6, Exhibit A to JRW Dec.).   First, there is no factual foundation for this opinion; there is no evidence of a mental illness. There is evidence however, that Anthony Silva was under the influence of methamphetamines.  This alone warrants exclusion as such opinion is not based on the facts.

Second, Mr. DeFoe is not a mental health professional, and/or neither are the law enforcement personnel.  Mr. Defoe cannot opine there that Anthony Silva was experiencing a mental illness or crisis.

Third, this is legal conclusion in terms of a "failure".     An expert witness cannot give an opinion as to his legal conclusion, i.e., an opinion on an ultimate issue of law. It appears that several of Defoe's opinions, as currently formulated, are not helpful to the jury because they constitute impermissible legal conclusions. See Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 (9th Cir.2002), overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc., 740

F.3d 457 (9th Cir.2014) ("Federal Rule of Evidence 704(a) provides that expert testimony that is `otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (emphasis in original) (citations omitted). see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.")

Concluding whether the Deputies "failed" to consider a mental illness is for the jury to decide.

**Motion in Limine No. 1(A)**

> **ii.** **Mr. DeFoe's opinion that deputies "failed" to use de-escalation and defusing techniques should not be admitted**

This opinion (p.7, Exhibit A to JRW Dec.) is likewise couched as a legal conclusion, and should be excluded. Defendants incorporate the law and argument for Motion in Limine 1(A)(i)

**Motion in Limine No. 1(A)**

> iii.     **Mr. DeFoe's opinion that deputies would not have searched Mr. Silva should be excluded.**

Mr. DeFoe's opinion No. 4 (pp. 11-12, Exhibit A), states that Mr. Silva should not have been searched.    However, Plaintiff does not challenge the search after the detention. (See operative complaint)  Accordingly it is not relevant, FRE 401 403.

DEFENDANTS' MOTIONS IN LIMINE

**Motion in Limine No. 1(A)**

> **iv.      Mr. DeFoe's opinion that deputies "failed" to warn they were going to use force should not be admitted**

This opinion No. 5(p.13, Exhibit A to JRW Dec.) is likewise couched as a legal conclusion, and should be excluded. Defendants incorporate the law and argument for Motion in Limine 1(A)(i) See Deorle v. Rutherford, 272 F.3d 1272, 1284 (9th Cir. 2001) ("We do not hold, however, that warnings are required whenever less than deadly force is employed. Rather, we simply determine that such warnings should be given, when feasible, if the use of force may result in serious injury, and that the giving of a warning or the failure to do so is a factor to be considered in applying the Graham balancing test."). Again, concluding there was a "failure" is improperly couched as conclusion, and invades the purview of the jury.

**Motion in Limine No. 1(A)**

> **v.    Mr. DeFoe's opinion that deputies "used unnecessary, unreasonable, inappropriate force to include deadly force when they slammed Mr. Anthony Silva who was handcuffed at the time to the cement unnecessarily breaking his neck" should not be admitted**

This opinion (pp.13-14, Exhibit A to JRW Dec.) is likewise couched as a legal conclusion, and should be excluded. Defendants incorporate the law and argument for Motion in Limine 1(A)(i)

Conduct was "objectively inappropriate," "unreasonable" "inappropriate" or "excessive" are impermissible legal conclusions that should be excluded.  See e.g. Valiavicharska v. Celaya, No. CV 10-4847 JSC, 2012 U.S. Dist. LEXIS 8191, at *9-10 (N.D. Cal. Jan. 24, 2012) ("In excessive force cases, an expert may not opine on whether the Defendants' use of force was reasonable under the circumstances as this is just such an opinion on an ultimate issue of law that risks usurping the jury's province."); see also Carr v. Montgomery Cnty., 2015 U.S. Dist. LEXIS 136560, *25-26 (S.D. Tex. Oct. 7, 2015) (excluding expert testimony on the same grounds).   Again, concluding that force was unreasonable etc s improperly couched as conclusion, and invades the purview of the jury.

In addition, using characterizations such as "slammed..to the cement" are improper characterizations, and/or is tantamount to an interpretation of evidence, which is improper.

**Motion in Limine No. 1(A)**

      **vi.**      **Mr. Defoe's characterization of the take down as "deadly force" should be excluded**

      No court anywhere has found that the use of a leg sweep constitutes deadly force.  Deadly force is defined as "force that creates a substantial risk of causing death or serious bodily injury" Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005). Even the use of baton "capable of inflicting significant pain and causing serious injury" is regarded as "intermediate force"; that is less severe than deadly force.  Young v. Cnty. of Los Angeles, 655 F.3d 1156, 1161–62 (9th Cir.2011)  See also Thomas v. Dillard, 818 F.3d 864, 890 (9th Cir. 2016), as amended (2016) ("Using a Taser in dart mode constitutes an 'intermediate, significant level of force.' ").  Even the use of police dog to bite a suspect has been found to not be deadly force in some circumstances. Brewer v. City of Napa, 210 F.3d 1093, 1098 (9th Cir.2000)

      An unanticipated injury does not transform a response. Wallace v. City of Shelby, 968 F. Supp. 1204, 1211 (N.D. Ohio 1997)) (the arresting officer used a leg-sweep to take down a resistant suspect, but the officer slipped during the take-down, causing the suspect to hit the ground face first and injure her face. Id. at 1206. The court found the take down was justified and the plaintiff's unanticipated injuries did not alter the reasonableness of that use of force. Id. at 1210–11).  Likewise, that decedent suffered a neck fracture does not turn the use of force into "deadly force.".  See also e.g. Pullin v. City of Canton, 133 F. Supp. 2d 1045, 1053 (N.D. Ohio 2001) (unanticipated injuries caused by an arrestee's resistance during handcuffing did not make the officer's use of force unreasonable.)

      This characterization as "deadly force" must be excluded based on an improper application of the law.

**Motion in Limine No. 1(A)**

> **vii.    Mr. Defoe's opinion that Deputies 'caused the unnecessary death of Mr. Silva"**
>
> **should be excluded**. (p.19, Exhibit A)

Mr. Defoe is not a medical professional, and is not qualified to speak to causation of death.   This opinion should be excluded.

**Motion in Limine No. 1(A)**

      **viii.**    **Mr. Defoe's opinion that Deputies "failed to provide Mr. Silva proper medical assistance" by moving him after the take down should be exluded**. (p.19, Exhibit A)

Mr. Defoe is not a medical professional, and is not qualified to speak to "proper medical assistance" .   This opinion should be excluded.

**Motion in Limine No. 1(A)**

   ix.     **Mr. Defoe's opinion that the Department's investigation was unreasonable should be excluded**. (opinion No 9, pp 20-24, Exhibit A)

   Insofar as the Monell claims have been dismissed, this opinion is no longer relevant, or would be prejudicial. FRE 401, 403.

**Motion in Limine 1(B)**

**B.    Defendants move to prevent introduction of certain testimony from Dr. Bennet Omalu, who was disclosed as a retained expert by Plaintiffs a forensic pathologist under FRE 702. (Exhibit B to JRW Dec.)**

**(i)   Opinions of subjective thoughts of decedent are improper**

In his report however, Dr. Omalu appears to speculate as to knowing the thoughts/thinking of decedent, and/or attributes knowledge of decedent or whether he experienced pain and suffering. (pp. 30-33, Exhibit B)

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "A district court's task in assessing evidence proffered under Rule 702 is to determine whether the evidence `both rests on a reliable foundation and is relevant to the task at hand.'" Newell Rubbermaid, Inc. v. Raymond Corp., 676 F.3d 521, 527 (6th Cir. 2012) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993)).   The Supreme Court has identified several factors that might bear on reliability, including testing, peer review, publication, known or potential rate of error, and general acceptance. Daubert, 509 U.S. at 593-94. These factors are neither definitive nor exhaustive, however, and may not apply in every case. Mike's Train House v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006). In certain cases, an expert's experience alone may provide a reliable basis for his testimony. Fed. R. Evid. 702 (2000 Amendments advisory committee notes); see also Campbell v. City of Springboro, Ohio, 788 F. Supp. 2d 637, 662 (S.D. Ohio 2011) (stating that reliability concerns may focus on personal knowledge and experience). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 (2000 Amendments advisory committee notes); see also Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 296 (6th Cir. 2007).

Although Rule 702 "does not require anything approaching absolute certainty," an expert's opinion cannot be based on mere speculation. <u>Tamraz v. Lincoln Elec. Co.</u>, 620 F.3d 665, 671 (6th Cir. 2010).

> [A]n expert's opinion . . . should be supported by good grounds, based on what is known. The expert's conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions. An expert's opinion, where based on assumed facts, must find some support for those assumptions in the record. However, mere weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.

<u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800-01 (6th Cir. 2000).

Here, the opinions by Dr. Omalu which appear to state what pain and suffering that Anthony Sivla subjectively experience is not based on any scientific method, nor does Dr. Omalu appear qualified to speak to pain and suffering, and thus should be precluded as speculation.

> "As time progressed, Anthony Silva continued to experience increasingly higher levels of mental, somatic, and chemical pain and suffering due to his secondary tissue injury cascades induced by the primary traumatic injuries. His pain and suffering persisted as he received emergency medical care and was transferred to the hospital. At the hospital he received a myriad of pharmacologic, medical and surgical treatments and interventions to alleviate and palliate his complications, pain and suffering. His complications, pain and suffering could not be cured or reversed because his spinal cord injury was permanent and irreversible. Every pharmacologic, medical and surgical treatment he received caused novel mental, somatic and chemical pain and suffering, which contributed to the cumulative and global pain and suffering he was experiencing"

(p.33, Exhibit B).   A witness who has been qualified as an expert by knowledge, skill, experience, training,or education may give an opinion on scientific, technical, or otherwise specialized topics if (1) the expert's scientific, technical, or other special knowledge will help the trier of fact understand the evidence or determine a fact in issue, (2) the testimony is based upon sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *City of Pomona v.SQM N. Am. Corp.*, 750 F.3d 1036, 1043–44 (9th Cir. 2014). The Court serves as a gatekeeper by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993). Scientific evidence is reliable if it is based on an assertion that is grounded in methods of science—the focus is on principles and methodology, not on conclusions. *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 841 (9th Cir.2001).

The Court has discretion to decide how to test an expert's reliability based on the type of expert testimony offered. *City of Pomona*, 750 F.3d at 1045. The test of reliability is flexible, and the Court "must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Id.* at 1044. Other factors that may be considered include whether an expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion, *see General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997), and whether an expert has adequately accounted for obvious alternative explanations, *see Claar v. Burlington Northern R. Co.,* 29 F.3d 499, 502 (9th Cir. 1994). A key issue is the soundness of the methodology. *See City of Pomona*, 750 F.3d at 1045.

The party offering the expert bears the burden of establishing that Rule 702 is satisfied. *Daubert*, 509 U.S. at 593 n.10. Here, Dr. Omalu is not an expert in PM&R, also known as physiatry, which is a medical specialty of treating patients who have suffered injury or disability. Such opinions about what pain and suffering is outside his expertise. Thus, not only is Dr. Omalu not qualified to speak to pain and suffering, there is no foundational basis for his opinions about the nature and extent of Mr. Silva's pain and suffering during his hospital stay. Therefore, it should be precluded.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Motion in Limine 1(B)**

      **(ii)      Opinion of Life Expectancy not disclosed nor supported**

      Dr. Spitz in his report opines of decedent's life expectancy.  However, he was not disclosed to testify as to that issue (See Exhibit D to JRW Dec), and his report does not state that the scope of his retention was to opine on life expectancy ("…perform and apply valid differential diagnosis method on this case, including but not limited to causation criteria1 analysis, central limit theorem analysis, and clinico-pathologic correlation analysis…). (p. 4, Exhibit B). there is foundation and/or necessary expertise in his report for said opinion.  He should be precluded from opining on same.

1 <u>**Motion in Limine No. 3**</u>

2     Plaintiff has listed prior lawsuits as exhibit (Nos. 48-51, of Plaintiffs' Exhibit List).  Those two

3 lawsuits involve Alejandro Sanchez and  Plaintiff also lists testimony and evidence from a criminal

4 case Isaiah Fiaupule  (Exhibits 55-56) Defendants move in limine to prevent their introduction, and to

5 preclude questions to witnesses about those prior cases.

6     **A.     Exhibits 48-51, 55-56, were never identified as documents Plaintiff intended to rely**

7     **on under Rule 26**

8     "[FRCP] 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any

9 information required to be disclosed by [FRCP] 26(a) that is not properly disclosed." *Yeti by Molly, Ltd.*

10 *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). "Two express exceptions ameliorate the

11 harshness of [FRCP] 37(c)(1): The information may be introduced if the parties' failure to disclose the

12 required information is substantially justified or harmless." Id.  Defendants are unaware of any

13 substantial justification nor can the failure to disclose or produce additional documents, particularly when

14 expressly sought in discovery is not harmless.

15     **B.     Charges and Complaints Outside of this Case are Irrelevant under F.R.Evid. 401**

16     Relevance is not inherent in any item of evidence but exists only as relation between an item of

17 evidence and a matter properly provable in the case.  F.R.Evid. 401(b).  Proffered evidence is relevant if

18 it has any tendency to make a fact more or less provable than it would be without the evidence.  <u>Id</u>.

19 401(a).  Similarly, proffered evidence is not relevant if it does not tend to prove or disprove a matter at

20 issue in the case.

21     Here, the fact that complaints of excessive force were previously made against the County and/or

22 its employees does not tend to prove any of the enumerated claims by Plaintiff in this case, particularly

23 because the Monell claims are dismissed and thus those prior complaints have no bearing on whether

24 Defendants in this case use reasonable force under the circumstances.   Any involvement in a prior use

25 of force

26     **C.         Allegations of Excessive Force are Improper Character Evidence pursuant to**

27 **F.R.Evid. 404**

28     Rule 404(b)(1) bars the use of evidence of a crime, wrong or other act to prove a person's

character in order to show that on a particular occasion, the person acted in accordance with the

character.  Although evidence of wrongs or other acts may be admissible to prove matters other than

character, to admit such evidence there must be (1) sufficient proof for the jury to find that defendant committed the act, (2) the other act cannot be too remote in time, (3) the other act evidence if offered to prove a material issues in case and (4) the other act must be similar to the offense character.  See Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000).  Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  Id.

Here, mere allegations are not proof of wrongdoing is not proper evidence, and other testimony from a unrelated criminal case, which was never disclosed, appears to have no value, not even impeachment.

Otherwise, the case would devolve into mini-trials about those other cases.  Id. at 1133 (concluding that it was not an error for the district court to exclude evidence because it would require a "full blown trial within this trial" and "the marginal value of the evidence [was] substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by consideration of undue delay, [and] waste of time.");  see also Washburn v. Fagan, 331 F.Appx. 490, 493 (9th Cir. 2009) (describing Duran as setting forth the appropriate test for the admissibility of "other acts" under Rule 404(b); see also Gorman v. City of San Diego, No. 08-cv-2345, 2012 U.S. Dist. LEXIS 70580, 2012 WL 1835689, at * 8 (S.D. Cal. May 21, 2012), appeal dismissed (Jan. 30, 2013) (excluding evidence of an incident that occurred eight years period invoking the same officer under Duran because of the great danger that the testimony would be unfairly prejudicial to the Defendant and would cause jury conclusion because admission of dismiss would lead to a trial within a trial.).[1]

---

[1] A number of circuit courts agree that a police officer's use of force in a factually unrelated incident is improper rule 404(b) evidence. See Treece v. Hochstetler, 213 F.3d 360, 363-64 (7th Cir. 2000)(holding that, in a § 1983 suit alleging a police officer demanded a bribe in exchange for dropping charges against the plaintiff's husband, the officer's prior "bad acts" were insufficient to show modus operandi), cert. denied, 531 U.S. 957 (2000); Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993)(holding that, in a § 1983 excessive force case, the district court erred in allowing the defendant police officer to testify that, in his sixteen-and-one-half years as a police officer, he never shot anyone); Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992) ("[S]howing a proclivity to engage in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [rule 404(b)]."); Morgan v. City of Marmaduke, Arkansas, 958 F.2d 207, 211 (8th Cir. 1992)(noting that "issues of motive and intent are essentially irrelevant in an excessive force case as the test is an objective one"); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991)(stating that prior complaints against police offered to show an aggravated state of mind was improper character evidence); Jones v. Hamelman, 869 F.2d 1023, 1027 (7th Cir. 1989) (holding that the district court properly excluded testimony of inmate regarding the callous indifference by prison official toward the protection of inmates because, among other reasons, it did not fit within a rule 404(b) exception); Hirst v. Gertzen, 676 F.2d 1252, 1262 (9th Cir. 1982)(finding that a deputy's prior violent and brutal acts constituted inadmissible character evidence); see also Eigeman v. City of Great Falls, 723 F. Supp. 522, 525 (D. Mont. 1989) (finding that a new trial was not warranted on basis of newly discovered evidence that police officer was involved in a subsequent unrelated incident because such evidence "would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of the defendant…This is precisely what Fed. R. Evid. 404 is designed

1     **MOTION IN LIMINE NO. 3**

2         All experts and other lay witnesses should be excluded from the courtroom until the time of that

3 person's testimony. See Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded

4 so that they cannot hear other witnesses' testimony.").  Defendants request the court issue an order to this

5 end.

to prohibit.").

**MOTION IN LIMINE NO.4**

Defendants anticipate Plaintiff will attempt to introduce evidence that the district attorney dismissed the charges stemming from the incident.   Plaintiff did not depose the district attorney in this case and she is not listed as a witness.

Defendants assert that the dismissal of plaintiff's criminal action is irrelevant to the issues of probable cause to arrest or use of excessive force. In section 1983 actions, the determination of probable cause depends on whether 'the facts and circumstances within ... the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' " De Anada v. City of Long Beach, 7 F.3d 1418, 1422 (9th Cir. 1993) (quoting Dunaway v. New York, 442 U.S. 200, 208 n. 8 (1979)).

Given the higher burden of proof the government must meet to convict a criminal defendant, the disposition of criminal charges are not generally admissible.  See Borunda v. Richmond, 885 F.2d 1384, 1387 (9th Cir. 1989) (acquittal not admissible); Rabon v. Great Southwest Fire Ins. Co., 818 F.2d 306, 309 (4th Cir. 1987) (a prosecutor's decision not to prosecute are based on different criteria than apply in a civil proceeding); Wisler v. City of Fresno, No. CV F 06–1694 AWI SMS, 2008 WL 2880442, *2 (E.D. Cal. July 22, 2008) (that charges were dropped is not admissible); and Hosey v. City of Los Angeles, No. CV0909427MMMJCX, 2011 WL 13213573, at *5 (C.D. Cal. Feb. 25, 2011) (granting motion in limine to exclude evidence that charges were dismissed).

1

**MOTION IN LIMINE NO.5**

2

3       It is anticipated Plaintiff will seek to introduce these Defendants' personnel file, listed as Exhibits

4    69. Camara Personnel File (CAMARA0001–0091) and 70. Xiong Personnel File (XIONG0001–0102).

5    Plaintiff did not inquire of any particular documents within the files at deposition, so what document, if

6    any, from with the files that may be relevant is a cause for speculation.  Nonetheless, Defendants submit

7    there is nothing relevant to any claims or defenses, nor sufficiently probative, to warrant introduction.

8    FRE 401.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTIONS IN LIMINE

1  **MOTION IN LIMINE NO. 6**

2      Plaintiff lists three witnesses, No. 24 Brandon Jewett, No. 25, Lee Sparks, and No. 26, David Ray

3  Glenn.    These witnesses were identified the day before, or the day of, discovery closed.  (See Exhibits C

4  and D to JRW Dec).  In that regard, both disclosures fail to comply with Rule 26 and should be excluded.

5      Although Rule 26(e) requires parties to supplement their disclosures "in a timely manner," that

6  phrase "is not defined by the Rule, and depends on the facts and circumstances of the case." Crescenta

7  Valley Water Dist. v. Exxon Mobil Corp., 2013 WL 12095206, at *1 (C.D. Cal. June 24, 2013) (citation

8  omitted). While the parties need not supplement "as each new item of information is learned," they

9  should supplement disclosures "at appropriate intervals during the discovery period." Id. (citing Fed. R.

10  Civ. P. 26, Adv. Comm. Notes to 1993 Amendments).  A party is not entitled to wait until the last day of

11  discovery to supplement their disclosures to add several additional witnesses.  See Lopez v. United Parcel

12  Serv. Gen. Serv. Corp., No. CV-S-04-0732-JCM-GWF, 2006 WL 8441568, at *5 (D. Nev. Jan. 19, 2006)

13  (striking witnesses) See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC, 2016 WL 1394280, at *2

14  (S.D. Cal. Apr. 8, 2016) (amended disclosures served just hours before the close of discovery

15  presumptively were untimely because "disclosures of witnesses must be made sufficiently in advance of

16  the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of

17  these witnesses.").

18      A party that does not timely identify a witness under Rule 26 may not use that witness "to supply

19  evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

20  harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit " 'give[s] particularly wide latitude to the district

21  court's discretion to issue sanctions under Rule 37(c)(1)' because subsection 37(c)(1) 'is a recognized

22  broadening of the sanctioning power.' " R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240,

23  1245 (9th Cir. 2012) (citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.

24  2001).

25      In determining whether failure to supplement or disclose is substantially justified or harmless,

26  courts engage in an equitable analysis considering the following factors: " '(1) the surprise to the party

27  against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the

28  extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5)

    the non-disclosing party's explanation for it[s] failure to disclose the evidence.' " Bal Seal Eng'g, Inc v.

Nelson Prod., Inc., 2019 WL 7865198, at *1 (C.D. Cal. Oct. 17, 2019) (quoting San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (citations omitted)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc., 673 F.3d at 1246 (citations omitted).

Here, the two disclosures made the day before discovery was to close, and the day of were untimely.  Defendants are unaware of any reason for the delay, particularly where the knowledge of the identity of these witness were in the exclusive possession of Dorothy Heimbach.  Therefore, the court should not allow these witnesses.

There is another reason to exclude these witnesses.  Each disclosure fails to provide contact information nor sufficiently identify the subject of the information that the witness has in accordance with Rule 26(a)(1)(a)(i) of the Federal Rules of Civil Procedure.  "Damages" is not a sufficient description by any stretch of the imagination.  See e.g. Wallace v. U.S.A.A. Life Gen. Agency, Inc., 862 F. Supp. 2d 1062, 1065 (D. Nev. 2012) (granting motion in limine on similar grounds)

Dated:  December 11, 2025                              PORTER SCOTT
                                                  A PROFESSIONAL CORPORATION

                                                  By   /s/ John R. Whitefleet
                                                       John R. Whitefleet
                                                       Attorneys for Defendants