**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Colin J. Nystrom, SBN 354503
cnystrom@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
STANISLAUS COUNTY, JUSTIN CAMARA, ZA XIONG, ERIC BAVARO
*(Exempt from Filing Fees Pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH, individually and as successor in interest to Anthony Silva,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; and JUSTIN CAMARA, ZA XIONG, and ERIC BAVARO, in their individual capacities,<br><br>Defendants.<br>_____/ | Case No. 2:23-cv-01887-DJC-CSK<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM**<br><br>First Amended Complaint Filed: 11/21/2023<br>Second Amended Complaint Filed: 3/14/2024 |

Defendants submit the following objections to Plaintiff's verdict form:

"QUESTION 1: Did defendants use excessive or unreasonable force or integrally participate in the use of excessive or unreasonable force against Anthony Silva?

**OBJECTION TO QUESTION NO. 1**: The terms "unreasonable" is superfluous to "excessive" and/or is confusing when the Model Instructions 9.25 consistently uses "excessive." This question also inappropriately includes "integrally participate" which either incorporates an assumed jury instruction on causation, or is not necessary to the question.

"QUESTION 2: Was the use of excessive or unreasonable force or integral

1

participation in the use of excessive or unreasonable force a cause of injury, harm, or death to Anthony Silva?"

**OBJECTION TO QUESTION NO. 2**: Defendant incorporates the objections to Question 1. In addition, "injury, harm or death" is compound, confusing and vague.

"QUESTION 3: Did the defendants use excessive or unreasonable force against Anthony Silva?"
**OBJECTION TO QUESTION NO. 3**: Defendant incorporates the objections to Question 1

"QUESTION 4: Was the use of excessive or unreasonable force by either of the defendants a cause of injury, harm, or death to Anthony Silva?"

**OBJECTION TO QUESTION NO. 4**: Defendant incorporates the objections to Questions 1 and 2.

"QUESTION 6: Was the negligence of either defendant a substantial factor in causing injury, harm, or death to Anthony Silva?"

**OBJECTION TO QUESTION NO. 6**: the terms "injury, harm, or death" is compound, confusing and vague.

"QUESTION 10: Did defendants engage in conduct that deprived Plaintiff of her familial relationship with Anthony Silva, in violation of the Fourteenth Amendment?"

**OBJECTION TO QUESTION NO. 10**:

The phrase "engage in conduct" is vague, superfluous.

"QUESTION 12: What are the Plaintiff's wrongful death damages for the loss of Anthony Silva?

Past wrongful death damages: $_____

Future wrongful death damages: $_____

**OBJECTION TO QUESTION NO. 12**:

    The jury instruction (CACI 3291) speaks to past and future economic damages, not past or future non-economic damages. Plaintiff is not seeking economic damages, so this is misleading as drafted.

Dated: December 15, 2025

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  /s/ John R. Whitefleet
     John R. Whitefleet
     Attorney for Defendants