**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-333

*Attorneys for Plaintiff Dorothey Heimbach*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEY HEIMBACH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STANISLAUS COUNTY, JUSTIN CAMARA, and ZA XIONG,<br><br>　　　　Defendants | 2:23-cv-01887-DJC-CSK<br><br>*Assigned to:*<br>District Judge Daniel J. Calabretta<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' VERDICT FORM**<br><br>FPTC Date:　December 18, 2025<br>Time:　　　　3:30 PM<br>Location:　　Courtroom 7 |

　　　Plaintiff Dorothey Heimbach, individually and as successor in interest to decedent Anthony Silva, respectfully submits the following objections to Defendants' Proposed Verdict Form (ECF No. 57).

　　　Defendants' proposed verdict form is deficient in several significant respects. The form contains improper burden-shifting language, includes inappropriate special interrogatories that single out facts favorable to the defense, and would serve to confuse and potentially deadlock the jury. Plaintiff objects to the verdict form in its entirety and respectfully requests that the Court adopt Plaintiff's proposed verdict form, which presents the issues to the jury in a clear, neutral, and legally appropriate manner.

I.  **THE "HAS PLAINTIFF PROVEN" LANGUAGE IS IMPROPER AND MISLEADING**

Question 1 of Defendants' proposed verdict form asks whether "Plaintiff on behalf of Anthony Silva proven" that a defendant used unreasonable force. This phrasing is inappropriate and prejudicial. The fundamental question before the jury is whether defendants used excessive force in violation of the Fourth Amendment—not whether plaintiff has met an evidentiary threshold.

The burden of proof is properly addressed in the Court's jury instructions, which carefully explain the applicable legal standards and the parties' respective burdens. By front-loading burden language directly into the verdict form questions, Defendants' proposal unduly emphasizes and draws repeated attention to plaintiff's burden in a manner that is unnecessary and potentially misleading to the jury. The jury should be focused on the ultimate question—whether defendants used excessive force—not on parsing burden language embedded in each verdict form question.

II. **QUESTIONS 6–16 ARE INAPPROPRIATE SPECIAL INTERROGATORIES**

Defendants' proposed verdict form includes Questions 6 through 16, which ask the jury to make specific factual findings on issues including: whether Anthony Silva was under the influence; whether he "physically resist[ed]"; whether deputies "reasonably believe[d]" he was attempting to flee; whether defendants "intentionally" used force; whether defendants acted in self-defense; whether defendants "exercised due care"; and whether Anthony Silva was negligent.

These special interrogatories are inappropriate for multiple reasons:

The jury instructions for Plaintiff's excessive force claim already instruct the jury to consider the totality of the circumstances in evaluating whether defendants' use of force was reasonable. These instructions properly identify the relevant factors, including the severity of the crime at issue, whether the suspect posed an

immediate threat, and whether the suspect was actively resisting or attempting to evade arrest. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

Questions 6–9 of Defendants' proposed verdict form cherry-pick certain factors from this analysis and present them to the jury as standalone special interrogatories. This approach improperly elevates specific facts that defendants believe favor their case while ignoring equally relevant factors that support liability. The jury should evaluate all relevant factors together as part of their deliberations—not be directed to make isolated findings on select issues that defendants wish to highlight.

If the Court is inclined to submit factual questions to the jury, such questions cannot be limited to the handful of issues that Defendants believe support their defense. Any set of special interrogatories would need to include questions addressing the many factual issues that support Plaintiff's claims. Defendants' one-sided approach would prejudice the jury's deliberations by focusing attention on defense-favorable facts while ignoring equally relevant facts that support liability.

By way of example, if the Court were to adopt special interrogatories, the following additional questions—among others—would need to be included to provide balance: (1) Did defendants fail to use available de-escalation techniques before using force against Anthony Silva? (2) Did defendants fail to monitor Anthony Silva's medical condition. (3) Was Anthony Silva handcuffed or otherwise secured at the time force was applied? (4) Did Anthony Silva pose an immediate threat of serious physical harm to the deputies or others at the time deadly force was used? (5) Did defendants give warnings or commands to Anthony Silva before using force? (6) Did defendants know that they were taking Anthony Silva headfirst onto concrete? (7) Did defendants know that a leg-sweep takedown on hard concrete used against a handcuffed detainee had a high risk of causing serious injury or death?

Plaintiff's position, however, is that inclusion of any such special interrogatories would be confusing, a waste of the jury's time, and would introduce unnecessary appellate issues. The verdict form should be kept simple and should direct the jury's attention to the ultimate legal questions at issue, not subsidiary factual disputes.

### III. THE COMPARATIVE NEGLIGENCE AND CAUSATION QUESTIONS ARE DEFECTIVE

Question 11 asks the jury to determine whether Anthony Silva was negligent and, if so, to assign a percentage of negligence—yet the form fails to first ask whether any such negligence was a cause of his injuries or death. A finding of negligence without a corresponding causation finding is legally meaningless and would create confusion.

Additionally, the form asks for Silva's percentage of negligence twice—once in Question 11 and again in Question 14—creating redundancy and potential for inconsistent findings.

Furthermore, this question should not be on the verdict form because, for reasons described in Plaintiff's trial brief, Defendants' comparative negligence defense fails as a matter of law.

### IV. THE "THIRD PARTY" ALLOCATION IN QUESTION 14 IS IMPROPER

Question 14 asks the jury to assign a percentage of negligence to an unidentified "Third party" without specifying whose negligence is at issue or whether such negligence was a cause of Anthony Silva's death. This question is defective on its face. Moreover, as explained in Plaintiff's Trial Brief, third-party fault allocation is not available to Defendants under the circumstances of this case, and this question should be stricken entirely.

## V. QUESTION 13 IMPROPERLY SEPARATES CAUSATION OF DEATH FROM CAUSATION OF INJURY

Question 13 asks whether any defendant was "the cause of the death" of Anthony Silva, separate from Question 12's inquiry into causation of his spinal injury. This separation is misleading. As a matter of law, Defendants are liable for all injuries proximately caused by their conduct, including death that flows from an initial injury. As set forth in Plaintiff's Trial Brief, the evidence establishes that Anthony Silva's death was proximately caused by the spinal injury he sustained during the takedown. Defendants have offered no evidence to the contrary. Separating these questions invites jury confusion on a matter that should be resolved as a matter of law or, at minimum, presented as a single causation inquiry.

## VI. CONCLUSION

Defendants' proposed verdict form is convoluted, confusing, and riddled with technical errors—from duplicate question numbers to circular routing instructions to legally defective interrogatories. This demonstrates precisely why the Court should adopt Plaintiff's straightforward verdict form, which focuses the jury on the elements of the claims at issue rather than the creative approach defense counsel has taken. The verdict form should guide the jury through its deliberations clearly and neutrally.

Dated: December 15, 2025          **LAW OFFICES OF DALE K. GALIPO**

                              By:   /s/   Cooper Alison-Mayne
                                    Dale K. Galipo
                                    Cooper Alison-Mayne
                                    *Attorneys for Plaintiff Dorothey Heimbach*